Francisco **SILVA,** Plaintiff–Appellant,

v.

**CITY OF MADISON,** Defendant–Appellee.

No. 93–2211.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 28, 1995.

Decided Nov. 16, 1995.

---

Victor Arellano, Lawton & Cates, Madison, WI, Thomas Arnot (argued), Legal Assistance to Institutionalized Persons, University of Wisconsin Law School, Madison, WI, for Plaintiff–Appellant.

Michael J. Modl (argued), Bruce I. Gear, Axley Brynelson, Madison, WI, for City of Madison.

Before BAUER, COFFEY and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

Francisco Silva commenced this civil action against the City of Madison ("the City") in the Circuit Court of Dane County, Wisconsin. He alleged employment discrimination and retaliation. However, he did not properly serve the City. Nevertheless, once the City came into possession of the complaint, it removed Mr. Silva's action to the United States District Court for the Western District of Wisconsin. However, it did not answer the complaint. Consequently, Mr. Silva moved for entry of a default judgment for failure to answer or otherwise defend the action. The district court denied the motion for a default judgment. Mr. Silva subsequently served the City with a summons and complaint. After discovery, partial summary judgment was granted for the City. Mr. Silva's remaining allegations were tried before a jury; a verdict was returned for the City. Mr. Silva now appeals the district court's judgment. He submits that the district court erred in denying his motion for a default judgment. Because the City never received proper service prior to the filing of the motion for default, we affirm the judgment of the district court.

I

BACKGROUND

This action was originally commenced in state court on October 19, 1992. Mr. Silva alleged employment discrimination and retal-

iation. *See* 42 U.S.C. § 1983; 42 U.S.C. §§ 2000e, *et seq.* On October 20, 1992, he delivered a copy of the complaint and summons to counsel for the City (Attorneys Bradley D. Armstrong and Michael J. Modl of the law firm of Axley Brynelson). However, because the City had not authorized counsel to receive service of process on its behalf, this delivery did not constitute service upon the City. On October 22, 1992, Mr. Silva filed an amended complaint with the Dane County Circuit Court. On that same day, Mr. Silva, as he had done the first time, delivered a copy of the amended complaint to counsel for the City. The City still had not been served.

On November 5, 1992, the City filed a notice of removal in the United States District Court for the Western District of Wisconsin. On November 16, 1992, Mr. Silva filed a notice of motion, motion for entry of default and application for judgment of default on the ground that the City had failed to plead or otherwise defend. *See* Fed. R.Civ.P. 55(a). On December 1, 1992, after a pretrial conference, the district court denied Mr. Silva's request for a default judgment. Mr. Silva then properly served the City, and, on December 14, 1992, the City first answered the complaint. As we have already noted, the litigation then proceeded to judgment on the merits and the City prevailed.

II

DISCUSSION

A.

 Mr. Silva submits that, because the City did not file an answer or otherwise respond to Mr. Silva's complaint within the time prescribed by Federal Rule of Civil Procedure 81(c), the City had "failed to plead or otherwise defend" as required by Rule 55(a). He contends that the district court therefore erred in denying the motion for a default judgment. Mr. Silva concedes that, at the time he filed his motion for a default judgment, he had not served properly the City.[1] He maintains, however, that, because

---

**1.** Specifically, Mr. Silva admits that he failed to serve either the City Clerk or Mayor as required

the City received the amended complaint on October 22, 1992,[2] Rule 81(c) of the Federal Rules of Civil Procedure required the City to file a responsive pleading within the later of twenty days after receipt of a copy of the amended complaint (November 12, 1992) or five days after filing the petition for removal (November 10, 1992). Because the City failed to file any responsive pleadings by November 12, 1993, Mr. Silva maintains that the district court erred in denying his motion for a default judgment under Rule 55(a).

### B.

#### 1.

■ In assessing Mr. Silva's contention, we begin with the text of Rule 81(c). *See Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 123, 110 S.Ct. 456, 458, 107 L.Ed.2d 438 (1989); *Roe v. O'Donohue*, 38 F.3d 298, 302–03 (7th Cir.1994). We must remember, however, that a single rule cannot be read in a vacuum. It must be read in light of the statutory commands of the federal judicial code; it also must be read in light of the structure of the entire Rules of Civil Procedure. *See Maybin v. Northside Correctional Ctr.*, 891 F.2d 72, 74 (4th Cir.1989) ("Rules of civil procedure must be considered in relation to one another and construed together."); *Nasser v. Isthmian Lines*, 331 F.2d 124, 127 (2d Cir.1964) ("[I]t is essential that we recognize that the Rules were intended to embody a unitary concept of efficient and meaningful judicial procedure, and that no single Rule can consequently be considered in a vacuum.").

Federal Rule of Civil Procedure 81(c) provides, in pertinent part:

> These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal. Repleading is not necessary unless the court so orders. *In a removed action in which the defendant has not answered, the defendant shall answer or present the other defenses or objections available under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within 20 days after the service of summons upon such initial pleading, then filed, or within 5 days after the filing of the petition for removal,* whichever period is longest.

Fed.R.Civ.P. 81(c) (emphasis added).

■ On its face, the Rule describes three circumstances that trigger the obligation to answer the complaint. If a defendant has not filed an answer when an action is removed to federal court, he must file a responsive pleading within the latest of the following periods: 1) twenty days after receipt of the complaint "through service or otherwise;" 2) twenty days after service of a summons upon a complaint which has been filed; or 3) five days after filing the petition for removal. Therefore, because it is the latest of these periods which defines the time within which a responsive pleading must be filed, a responsive pleading will be required under Rule 81(c) only when: the defendant is in receipt of the complaint; he has been served with a summons; and the complaint has been filed. Under the plain wording of the Rule, at the time Mr. Silva moved for an entry of default the City had not yet incurred the obligation to answer. Although the City had received a copy of the complaint, it had not yet been served with a summons.

---

by the Wisconsin Rules of Civil Procedure. Wis. Stat. § 801.11(4)(a)(3). Service on counsel for the City was ineffective because the attorneys had not been authorized to accept service on the City's behalf. Because service was not proper under Wisconsin law, the attempted service also was not proper under the federal rules. *See* Fed.R.Civ.P. 4(j)(2) (service upon a governmental organization is effected by serving a copy of the summons and complaint upon the chief executive officer thereof or by serving the complaint and summons in the manner prescribed by the law of the state of the governmental organization).

2. In his brief, Mr. Silva presumes that, when the City's attorneys received the copy, the City also constructively received the complaint. Although the record demonstrates that the City's attorneys were in receipt of a copy of the amended complaint on October 22, 1992, it does not indicate when the City actually received a copy. Nonetheless, the City does not dispute that it received a copy.

2.

■ Mr. Silva asks that we not rest our decision on the plain wording of the Rule. He submits that the language in Rule 81(c) requiring service of the summons—the second, and, under the plain wording analysis set forth above, the controlling of the three periods—ought not apply to the situation presented by the case before us. In his view, this provision cannot be read by itself but must be interpreted in light of the relationship of this part of Rule 81(c) to 28 U.S.C. § 1446(b). Specifically, he contends that the mention of a summons in the second time period of Rule 81(c) was intended to apply only to a situation in which the applicable state procedural rules did not require delivery of a complaint. The drafters wanted to make certain that, if state procedure permitted the commencement of a lawsuit by the service of a summons without a copy of the complaint, the time for answering would begin to run upon the service of the summons only if a copy of the complaint was available to the defendant through the court. In Mr. Silva's view, because Wisconsin rules require delivery of the complaint to the defendant upon service of process, this second time period of Rule 81(c) does not apply to this situation. Thus, he continues, the City's time to respond was defined by the longer of the two remaining periods. In this case, according to Mr. Silva's argument, the City's receipt of the complaint, even though not accompanied by proper service, triggered the twenty-day period within which a responsive pleading under Rule 81(c) is required. He concludes that, because the City did not file a responsive pleading within twenty days after the receipt of the complaint or five days after removal, the City was in default.

Our research, and that of the other courts that have examined Rule 81(c), makes clear that, as Mr. Silva submits, there is a direct relationship between the revision of § 1446(b) and the revision of Rule 81(c). We set forth a thumbnail sketch of the history of that relationship. In 1948, Congress repealed 28 U.S.C. § 72, which had provided that a petition for removal must be filed "at any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead." [3] The replacement statute, 28 U.S.C. § 1446(b) (1948), provided that "[t]he petition for removal of a civil action or proceeding may be filed within twenty days after commencement of the action or service of process, whichever is later." [4] In enacting this provision, Congress intended to create uniformity in the time for filing petitions to remove civil actions throughout the federal courts as well as to allow adequate time for removal.[5] Therefore, although under § 72 removal was timely as long as it was requested before a responsive pleading was required under the applicable state law, the new version required removal within a uniform time period (twenty days) after the later of service or commencement of the action.

Satisfaction with this provision was short-lived. In proposing changes to Rule 81(c) [6]

---

3. Revision Notes, 1948 Act, 28 U.S.C. § 1446(b), *reprinted in* West's Federal Civil Judicial Procedure and Rules 780 (1995); *see also* Supreme Court Advisory Committee Note of 1948 to Proposed Amendment to Subdivision (c) of Rule 81, *reprinted in* 7 Jo D. Lucas & Kent Sinclair, Jr., Moore's Federal Practice ¶ 81.01[18] at 81–30 (2d ed. 1995).

4. Supreme Court Advisory Committee Note of 1948 to Proposed Amendment to Subdivision (c) of Rule 81, *reprinted in* 7 Moore's Federal Practice ¶ 81.01[18] at 81–30.

5. Revision Notes, 1948 Act, 28 U.S.C. § 1446(b), *reprinted in* West's Federal Civil Judicial Procedure and Rules 780 ("Subsection (b) makes uniform the time for filing petitions to remove all civil actions.... As thus revised, the section will give adequate time and operate uniformly throughout the Federal jurisdiction.").

6. At the time of Congress' 1948 amendment to § 1446(b), Rule 81(c) provided, in relevant part, as follows:

These rules apply to civil actions removed to the district courts of the United States from the state courts and govern all procedure after removal. Repleading is not necessary unless the court so orders. *In a removed action in which the defendant has not answered, he shall answer or present the other defenses or objections available to him under these rules within the time allowed for answer by the law of the state or within 5 days after the filing of the transcript of the record in the district court of the United States, whichever period is longer, but in any event within 20 days after the filing of the transcript.*
Fed.R.Civ.P. 81(c) (1946) (emphasis added).

to conform to the revised statute, the Advisory Committee expressed the belief that further amendment of the removal statute was warranted:

> The need for revision of the third sentence [of Rule 81(c) ] is occasioned by the procedure for removal set forth in revised Title 28, USC, § 1446. Under the prior removal procedure governing civil actions, 28 USC, § 72 (1946), the petition for removal had to be first presented to and filed with the state court, except in the case of removal on the basis of prejudice or local influence, within the time allowed "to answer or plead to the declaration or complaint of the plaintiff"; and the defendant had to file a transcript of the record in the federal court within thirty days from the date of filing his removal petition. Under § 1446(a) removal is effected by a defendant filing with the proper United States district court "a verified petition containing a short and [p]lain statement of the facts which entitled him or them to removal together with a copy of all process, pleadings, and orders served upon him or them in such action." And § 1446(b) provides: "The petition for removal of a civil action or proceeding may be filed within twenty days after commencement of the action or service of process, whichever is later." *This subsection (b) gives trouble in states where an action may be both commenced and service of process made without serving or otherwise giving the defendant a copy of the complaint or other initial pleading. To cure this statutory defect, the Judge's Committee appointed pursuant to action of the Judicial Conference and headed by Judge Albert B. Maris is proposing an amendment to § 1446(b) to read substantially as follows: "The petition for removal of a civil action or proceeding shall be filed within 20 days after the receipt through service or otherwise by the defendant of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based." The revised third sentence of Rule 81(c) is geared to this proposed statutory amendment; and gives the defendant at least 5 days after removal within which [to present] his defenses.*[7]

The final amendment to Rule 81(c), and its accompanying note, provided even more detail with respect to the needed change. Specifically, subsection (c) of Rule 81 was amended, in pertinent part, as follows (old matter stricken out is in brackets, new matter is italicized):

> These rules apply to civil actions removed to the [district courts of the United States] *United States district courts* from the state courts and govern [all] procedure after removal. Repleading is not necessary unless the court so orders. In a remov[ed] action in which the defendant has not answered, he shall answer or present the other defenses or objections [available] to him under these rules within [the time allowed for answer by the law of the state or within 5 days after the filing of the transcript of the record in the district court of the United States, whichever period is longer, but in any event within 20 days after the filing of the transcript] *20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within 20 days after the service of summons upon such initial pleading, then filed, or within 5 days after the filing of the petition for removal, whichever period is longest.*[8]

Notably, during the process of formulating the final wording of the Rule, the language at issue in this appeal was specifically addressed. It was recognized that requiring a responsive pleading only upon receipt of the complaint would cause problems in states in which a suit could be commenced by service of summons and filing the complaint with the court, without delivery of the complaint to the defendant. In these states, although the

---

7. Supreme Court Advisory Committee Note of 1948 to Proposed Amendment to Subdivision (c) of Rule 81, *reprinted in* 7 Moore's Federal Practice ¶ 81.01[18] at 81–30 to 81–31 (emphasis added).

8. Rule 81(c) as Amended in 1948 by the Supreme Court, *reprinted in* 7 Moore's Federal Practice ¶ 81.01[19] at 81–31 to 81–32 (footnote omitted, third and fourth brackets in original).

suit has been commenced and the defendant has access to the complaint, the defendant might never receive a copy of the complaint and, therefore, the time period for filing a responsive pleading might never be triggered. To address this concern, language was added in Rule 81(c) to require a responsive pleading "within 20 days after the service of summons upon such initial pleading, then filed." The note accompanying this particular amendment provides:

> The phrase, "or within 20 days after the service of summons upon such initial pleading, then filed," was inserted following the phrase, "within 20 days after receipt through service or otherwise of a copy of the initial pleading ...," because in several states suit is commenced by service of summons upon the defendant, notifying him that the plaintiff's pleading has been filed with the clerk of court. [T]hus, he may never receive a copy of the initial pleading. The added phrase is intended to give the defendant 20 days after the service of such summons in which to answer in a removal action, or 5 days after the filing of the petition for removal, whichever is longer.[9]

Tailoring the removal statute to correspond to the revised Rule 81(c), Congress amended § 1446(b) to read:

> The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b) (1949).[10]

The House Judiciary Committee's reasons for this change also mirrored the reasons given by the rule drafters:

Subsection (b) of section 1446 of title 28, U.S.C., as revised, has been found to create difficulty in those States, such as New York, where suit is commenced by the service of a summons and the plaintiff's initial pleading is not required to be served or filed until later.

The first paragraph of the amendment to subsection (b) corrects this situation by providing that the petition for removal need not be filed until 20 days after the defendant has received a copy of the plaintiff's initial pleading.

This provision, however, without more, would create further difficulty in those States, such as Kentucky, where suit is commenced by the filing of the plaintiff's initial pleading and the issuance and service of a summons without any requirement that a copy of the pleading be served upon or otherwise furnished to the defendant. Accordingly the first paragraph of the amendment provides that in such cases the petition for removal shall be filed within 20 days after the service of the summons.

The first paragraph of the amendment conforms to the amendment of rule 81(c) of the Federal Rules of Civil Procedure, relating to removed actions, adopted by the Supreme Court on December 29, 1948, and reported by the Court to the present session of Congress.[11]

Hence, Congress' amendment of § 1446(b) and the amendment of Rule 81(c) addressed the identical concern—if service were all that was required to trigger the time for removal, a defendant in a state that did not require delivery of the complaint in order to effectuate service might have to remove an action before he received the complaint. Accordingly, § 1446(b) was amended to require that a defendant have access to the complaint before he had to remove the action and, to be

---

**9.** Explanatory Note to Rule 81(c) as Amended in 1948, *reprinted in* 7 Moore's Federal Practice ¶ 81.01[19] at 81–31 n. *.

**10.** 28 U.S.C. § 1446(b) later was amended to extend the period of removal from twenty to thirty days. 28 U.S.C. § 1446(b) (1955).

**11.** H.R.Rep. No. 352, 81st Cong., 1st Sess. (1949), *reprinted in* 1949 U.S.C.C.A.N. 1254, 1268.

consistent with § 1446(b), Rule 81(c) was amended to require that the defendant have access to the complaint before he had to file a responsive pleading.

■ We believe the foregoing discussion demonstrates that, although the plain language of Rule 81(c) can be read to apply all three time periods set forth in the Rule to all removal cases, this interpretation is not compatible with the intent of the drafters of either § 1446 or of Rule 81. It is clear that the second time period was not intended to apply in a state in which, when service is effected, the complaint is served along with the summons. *See Savarese v. Edrick Transfer & Storage, Inc.*, 513 F.2d 140, 143 (9th Cir.1975) ("[W]e conclude that the second clause of rule 81(c) applies only to cases arising in states which do not require service of both a summons and complaint."). Thus, because only the first and third time periods in Rule 81(c) apply to the City, the City was required to file a responsive pleading within the later of twenty days after receipt of the complaint "through service or otherwise" or five days after removal.

### 3.

■ We therefore must address an additional question: whether Rule 81(c)'s language requiring a responsive pleading within twenty days after receipt of the complaint "through service or otherwise" is operative if the defendant has not been served properly. As mentioned above, this language was added to Rule 81 in order to ensure that the period for removal and the period for filing a responsive pleading in an action that has been removed did not commence until the defendant has received the complaint. Nevertheless, if read in a vacuum, these words could have another effect. Because receipt of the complaint triggers the removal period under § 1446(b) and also triggers the time period within which a responsive pleading must be filed under Rule 81(c), a defendant could be required both to remove an action to federal court and to file a responsive pleading before proper service is effected. This is the very reading that Mr. Silva now urges upon us: 1) the City was never served properly, but because of the language of

§ 1446(b), it removed the action to federal court; 2) this removal, in turn, triggered Rule 81(c) which, because the City was in receipt of the complaint, required a responsive pleading; thus 3) the City's failure to respond mandates entry of default under Rule 55(a).

■ This is not the first time we have been faced with an interpretative problem regarding this part of § 1446(b) that was not subject to resolution by simple reference to its legislative history. Indeed, our prior visitation to this area involved the relationship of this provision and the service of process rules. In *Roe v. O'Donohue*, 38 F.3d 298 (7th Cir.1994), joining our colleagues in the Sixth Circuit, *see Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 966–68 (6th Cir.1993), we decided that the plain language of § 1446(b) must be applied as it reads and that the removal period is triggered by receipt of the complaint "through service or otherwise." Under the plain language of 28 U.S.C. § 1446(b), the time period within which a defendant must remove a case to federal court begins upon receipt of the complaint, regardless of whether the defendant has been properly served.

It could be argued that, because Rule 81(c) was amended in conjunction with § 1446(b) and because the application of the same language at issue here—"through service or otherwise"—was at issue in *Roe*, we ought to read *Roe* as requiring that a responsive pleading be filed within twenty days of receipt of the complaint, regardless of whether the defendant has been served properly. We believe, however, that such a mechanistic interpretation of *Roe* gives that holding an artificially narrow and unrealistic reading. As the court pointed out in *Roe*, the purpose of the amendments of § 1446(b) was to treat litigants in states with different service rules in an evenhanded manner by requiring that the decision to remove be made within a short period after the defendant had the complaint and was able to make an informed decision whether to remove. This requirement, we noted in *Roe*, not only serves the purpose of placing all litigants on an equal playing field, but also expedites the decision-making process with respect to the most

fundamental of questions, the forum that will adjudicate the case. *Roe,* 38 F.3d at 302. Therefore, we concluded, it was consonant with the intent of Congress to require that a defendant remove the action to federal court as soon as he was aware, through the complaint, of the nature of the plaintiff's allegations.

In stark contrast, we perceive nothing in the statute, the rule or their respective legislative histories that would justify our concluding that the drafters, in their quest for evenhandedness and promptness in the removal process, intended to abrogate the necessity for something as fundamental as service of process. It simply is not reasonable for us to conclude that it was intended that such a major exception to the clear mandates of Rules 4 and 12 be undertaken without any express mention of such a consequence. It is one thing to require removal before proper service is effected; it is quite another to require a party to file a responsive pleading. Requiring a responsive pleading before service is effected is at odds with a fundamental principle of federal procedure— that a responsive pleading is required only after service has been effected and the party has been made subject to the jurisdiction of the federal courts. Fed.R.Civ.P. 12(a)(1)(A) ("[A] defendant shall serve an answer within 20 days after being served with the summons and complaint...."). *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104, 108 S.Ct. 404, 409, 98 L.Ed.2d 415 (1987) ("Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. '[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'") (quoting *Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444–45, 66 S.Ct. 242, 246, 90 L.Ed. 185 (1946)); *Mid–Continent Wood Prods., Inc. v. Harris,* 936 F.2d 297 (7th Cir.1991) ("This court has long held that valid service of process is necessary in order to assert personal jurisdiction over a defen-

dant. Moreover, it is well recognized that a 'defendant's actual notice of the litigation ... is insufficient to satisfy Rule 4's requirements.'") (quoting *Way v. Mueller Brass Co.,* 840 F.2d 303, 306 (5th Cir.1988); other citation omitted). As the court stated in *Apache Nitrogen Prods., Inc. v. Harbor Ins. Co.,* 145 F.R.D. 674 (D.Ariz.1993), "[w]hile it is conceivable that Congress might wish to establish a different standard, outside the boundaries of Rule 12, to govern response time in removed actions ...[,] [i]t is unimaginable ... that such a significant alteration in the Federal Rules of Civil Procedure would be effected without mention by the Advisory Committee, the Supreme Court, or Congress itself." *Apache,* 145 F.R.D. at 680. A responsive pleading is the defendant's opportunity to state his objections to jurisdiction or to state his substantive position. Before these matters are properly before a court, there must be an appropriate notification of the assertion of jurisdiction. A defendant must be apprised of the pendency of the action, "'[a]n elementary and fundamental requirement of due process....'" *Peralta v. Heights Medical Ctr., Inc.,* 485 U.S. 80, 84, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)). Without service, there is no personal jurisdiction over the defendant. This right is not waived by filing a petition for removal to federal court. *Morris & Co. v. Skandinavia Ins. Co.,* 279 U.S. 405, 409, 49 S.Ct. 360, 362, 73 L.Ed. 762 (1929) ("Petitioner suggests that, by removal of the case to the federal court, objection to jurisdiction over the person of respondent was waived. Our decisions are to the contrary."); *cf. Arizona v. Manypenny,* 451 U.S. 232, 242 n. 17, 101 S.Ct. 1657, 1665 n. 17, 68 L.Ed.2d 58 (1981) ("In the area of general civil removals, it is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal...."). Only a court that has jurisdiction over the defendant may require that the defendant state its substantive position in the litigation.[12]

---

**12.** In *Savarese v. Edrick Transfer & Storage, Inc.,* 513 F.2d 140, 143 (9th Cir.1975), the Ninth Circuit appears to have assumed, without analysis or elaboration, that the "service or otherwise"

Of course, the drafters might have decided to create a new service requirement to be used only in removal cases, one which does not comply technically with the traditional requirements of service in federal cases (Fed. R.Civ.P. 4) but which nonetheless meets the requirements of procedural due process. However, Rule 81(c) does not purport, either in its language or in its legislative history, to create any "new" service requirement. All that it requires is delivery of a complaint.

Indeed, requiring that service be effected before the filing of a responsive pleading is compatible with the purpose of the statutory amendment to § 1446(b) that the litigant make important decisions about the conduct of the litigation only when he is in receipt of the requisite information. Section 1446(b) ensures that the defendant have a copy of the complaint before making a decision as to whether the matter is appropriate for the federal forum. The service of process rules require that the defendant formally be made a party to the lawsuit before he is required to litigate the matter of jurisdiction.

### C.

 Even if the City were required to file a responsive pleading before adequate service, the district court did not abuse its discretion in denying Mr. Silva's request for a default judgment. As this court has long held, "[t]he decision to enter default lies within the district court's discretion." *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir.1993) (citing *Merrill Lynch Mortgage Corp. v. Narayan,* 908 F.2d 246, 250 (7th Cir.1990)). Because a default judgment is a harsh sanction, it should be employed only in extreme situations when other less drastic sanctions have proven unavailing. *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.,* 726 F.2d 1202, 1205 (7th Cir.1984). Here, the City had a legitimate basis for not filing a responsive pleading: it had not been served. The only case to decide whether Rule 81(c)'s pleading requirement applies in the absence of service,

*Apache,* 145 F.R.D. 674, concluded that it did not. Moreover, under the plain language of Rule 81(c), the City was not required to file a responsive pleading because it had not been served with a summons. In addition, the City's failure to file a responsive pleading caused a minimal delay. Considering the unique procedural posture of the case and the uncertainty in Rule 81(c)'s pleading requirement, as well as the lack of prejudice to Mr. Silva, the district court did not abuse its discretion in denying Mr. Silva's request for a default judgment.

### Conclusion

The judgment of the district court is affirmed. Because this case deals with an ambiguity in the Federal Rules of Civil Procedure, the clerk is directed to mail a copy of this opinion to the Chair of the Judicial Conference's Advisory Committee on the Civil Rules.

AFFIRMED.

---

language of Rule 81(c) requires that a responsive pleading be filed even if valid service of process has not been effected. To the extent that *Savarese* stands for that proposition, we are in respectful disagreement. Because our holding

arguably creates a conflict with this decision of the Ninth Circuit, this opinion has been circulated to the members of the court in active service pursuant to Circuit Rule 40(f). No judge favored rehearing en banc.