**Darlene CARTER, Plaintiff,**

v.

**BUILDING MATERIAL AND CONSTRUCTION TEAMSTERS' UNION LOCAL 216, et al., Defendants.**

**No. C–96–1007.**

United States District Court,
N.D. California.

June 18, 1996.

Leslie R. Katz, Katz & Quan, San Francisco, CA, for Plaintiff.

Alexander K. Abraham, Foster City, CA, for Defendants.

## ORDER

LYNCH, District Judge.

### I. INTRODUCTION

Plaintiff Darlene Carter filed her lawsuit in San Francisco Superior Court on November 17, 1995 against defendants Building Material and Construction Teamsters Union Local 216 ("Union"), International Brotherhood of Teamsters ("Teamsters"), Christopher Welsh, Ron Carey, and Tom Gilmartin, Jr. Plaintiff's complaint alleges various employment-related claims, including violations of Title VII.

Plaintiff sent, via registered mail, a copy of the filed complaint to each defendant, along with a letter which stated that the copy of the complaint was a courtesy copy and that formal service would follow. The letter invited defendants to discuss settlement, stating "Ms. Carter is amenable to meaningful settlement negotiations as an alternative to service of the Complaint followed by lengthy, expensive and potentially embarrassing litigation."

The parties were unable to resolve their dispute informally, and defendants were served on February 26, 1996. On March 18, 1996, defendant Teamsters filed a Notice of Removal to this Court in which all other defendants joined. Plaintiff has moved to remand on the grounds that the removal was untimely. The matter has been fully briefed and argued.

### II. DISCUSSION

#### A. Receipt By Service Or Otherwise

The procedure for timely removal is set forth in 28 U.S.C. § 1446(b), which provides in pertinent part: "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service *or otherwise,* of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ..." (emphasis added). This case turns on the meaning of the language "receipt by the defendant, through service or otherwise."

Plaintiff contends that the phrase "receipt by the defendant, through service or otherwise" should be strictly construed, arguing that the defendants' receipt of courtesy copies of the complaint started the clock for defendants' notice of removal. She argues that defendants' deadline for a timely removal expired thirty days after their receipt of her November 21, 1995 mailing. Defendants assert that the time for removal did not begin to run until February 26, 1996, the date on which defendants were served, such that their March 18, 1996 Notice of Removal was timely.

##### 1. Split in Authority

The Ninth Circuit has not addressed this issue. However, a number of other courts have and there is a split at the district court level on whether "receipt by the defendant, through service or otherwise" is accomplished by simple receipt of the pleading, or alternately whether the statute requires formal service of process. *See, e.g., Thomason v. Republic Ins. Co.,* 630 F.Supp. 331, 332 (E.D.Cal.1986) (noting split in authority and

finding time for removal runs from service or "equivalent of service"). *See also, Lofstrom v. Dennis,* 829 F.Supp. 1194 (N.D.Cal.1993) (holding receipt of complaint triggers removal period); *Bennett v. Allstate Ins. Co.,* 753 F.Supp. 299 (N.D.Cal.1990) (holding time for removal begins to run upon service of complaint). The cases which find that the time for removal does not run until service of the complaint have looked to the legislative history of § 1446(b). However, the Circuit courts which have considered this issue have strictly construed the language of the statute. *See, e.g., Roe v. O'Donohue,* 38 F.3d 298 (7th Cir.1994); *Silva v. City of Madison,* 69 F.3d 1368 (7th Cir.1995); *Tech Hills II Assoc. v. Phoenix Home Life Mut. Ins. Co.,* 5 F.3d 963 (6th Cir.1993). *See also, T.H. Inc. v. 6218 Investors,* 41 F.3d 235 (5th Cir.1995). Defendants have cited no Circuit court case holding that the time for removal begins to run only upon service or "quasi-service."

District courts which have held that service is required before the time for removal begins to run have relied on the legislative history of § 1446. *See, e.g., Love v. State Farm Mut. Auto. Ins. Co.,* 542 F.Supp. 65 (N.D.Ga.1982). Section 1446 was amended in 1948 in order to make removal procedures more uniform. The amended provision provided that a removal petition be filed "within twenty days after commencement of the action or service of process, whichever is later." 62 Stat. 939 (1948). However, some states, such as New York, require only that a plaintiff serve a defendant with a summons, rather than serving or filing a complaint, in order to commence an action. The amendment thus permitted the removal period to run before a defendant received a copy of the complaint which would permit him to determine any grounds for removal. In 1949, the section was amended again. The amended statute provided that the time for removal began to run "after the receipt by the defendant through service or otherwise, of a copy of the initial pleading." The *Love* court concluded "[t]hus, the 'through service or otherwise' language was intended to expand the removal period in states following the New York Rule. It was not intended to diminish the right to removal, by permitting a plaintiff to circumvent the already existing require-

ment of personal service through informal service." *Love,* 542 F.Supp. at 67.

Cases relying on the "receipt rule" look to the plain language of the statute and give it "a common sense reading." *Lofstrom v. Dennis,* 829 F.Supp. at 1197. These cases find that there is no need to go beyond the plain language of the statute, finding that " 'receipt by the defendant through service or otherwise' means 'receipt by the defendant through service or otherwise.' " *Silverwood Estates v. Adcock,* 793 F.Supp. 226, 228 (N.D.Cal.1991). *See also, Lofstrom* at 1197.

The Sixth Circuit was the first circuit to address the issue. In *Tech Hills II,* plaintiff had its complaint delivered by Federal Express to defendant's closed office building on a Saturday. The complaint was received on May 20 by a building security guard, who was not authorized to accept service. The complaint was received by defendant on Monday, May 22 and removed within thirty days of May 22. The court found that "the removal period is commenced when the defendant has in fact received a copy of the initial pleading that sets forth the removable claim." *Tech Hills II,* 5 F.3d at 968.

The Sixth Circuit looked to the two competing lines of cases addressing this issue and concluded that the cases requiring receipt rather than service were better reasoned. *Tech Hills II* found that three factors weighed in favor of the receipt rule:

(1) the rule arises from a straightforward interpretation of the clear statutory language; (2) the legislative history does not lead to the conclusion that the rule is 'demonstrably at odds' with Congress' intent in amended section 1446(b); and (3) the rule is consistent with the longstanding principle that the removal statutes are to be construed strictly, narrowly and against removal.

*Id.* at 968 (citations omitted).

Similarly, in *Roe v. O'Donohue,* the Seventh Circuit considered whether "receipt by the defendant, through service or otherwise" required service, or alternately whether receipt alone was sufficient. In that case, the process server noted in his papers that he had served the defendant on February 19,

1991, but did not file a proof of service conforming to Illinois state law. The ultimate recipient noted that he received the papers on February 22, 1991. The notice of removal would have been timely if the clock began to run on February 22, but was otherwise untimely. The Seventh Circuit held that the notice of removal was untimely. Judge Easterbrook, writing for an unanimous panel, stated that technically proper service does not start the time for removal, finding that the phrase " 'or otherwise' must mean something different from service." *Roe*, 38 F.3d at 302. The court rejected the holdings of district courts which have held that only technically proper service starts the remand clock. The *Roe* court saw "no escape from the language of the statute," *id.* at 303, holding "[o]nce the defendant possesses a copy of the complaint, it must decide promptly in which court it wants to proceed." *Id.* The Seventh Circuit rejected a finding that technically correct service was required, holding that such a conclusion "drains the words 'or otherwise' of meaning." *Id.*

Defendants argue vigorously that this Court should reject the plain language approach and instead turn to the legislative history. However, this Court is compelled to agree with the Sixth and Seventh Circuits and a number of district courts in finding there is no need to turn to the legislative history. Instead, the statute should be given its common sense reading. The Court finds that it is "not authorized to disregard express language just because the legislative history does not echo 'and we really mean it!' " *Roe*, 38 F.3d at 303.

Defendants also advocate a rule whereby the language "through service or otherwise" be interpreted to mean service or some form of technically deficient "quasi-service." The Court finds that such a rule would destroy the very uniformity that the amendment to § 1446 was meant to create. If defendants' rule prevailed, courts would be forced to determine on a case-by-case basis whether service or "quasi-service" had been achieved.

Having reviewed the relevant case law, the Court finds that those cases finding the time for removal begins to run upon receipt are the better-reasoned cases.

### 2. *Rule 81(c)*

Defendants also argue that Federal Rule of Civil Procedure 81(c), which sets forth the time to answer a complaint which has been removed to federal court, compels a finding that service is required. Rule 81(c), like § 1446, finds that its time periods begin to run upon "receipt by service or otherwise." Defendants argue that this language should be construed in both circumstances as requiring actual service, noting that due process requires service of process before a defendant can be compelled to answer a complaint.

This argument was considered and rejected by the Seventh Circuit in *Silva v. City of Madison*, 69 F.3d 1368 (7th Cir.1995). In that case, plaintiff filed a state court action which he delivered to counsel for defendant. However, he never properly served the defendant. Within thirty days of receipt of the complaint, the defendant filed a timely notice of removal. Plaintiff moved for default judgment on the ground that the defendant had failed to timely plead or otherwise defend. The default was denied, and the Seventh Circuit affirmed that denial. The *Silva* court considered the language in both Rule 81(c) and § 1446 and found that while the time for removal began to run upon receipt, Rule 81(c)'s obligation to file a responsive pleading does not accrue if the defendant has not been properly served. *Id.* at 1375. The court noted

> [i]t is one thing to require removal before proper service is effected; it is quite another to require a party to file a responsive pleading. Requiring a responsive pleading before service is effected at odds with a fundamental principle of federal procedure—that a responsive pleading is required only after service has been effected and the party has been made subject to the jurisdiction of the courts.

*Id.* at 1376. The *Silva* court noted that "[w]ithout service, there is no personal jurisdiction over the defendant. This right is not waived by filing a petition for removal to federal court." *Id.* at 1376 (citations omitted).

The Court finds the analysis in *Silva* persuasive, and concludes that requiring a

defendant to file a notice of removal before service of process and before any court has acquired personal jurisdiction does not offend due process. A petition for removal affects only the forum in which the action will be heard; it does not affect personal jurisdiction. *See, e.g., Morris & Co v. Skandinavia Ins. Co.,* 279 U.S. 405, 409, 49 S.Ct. 360, 361, 73 L.Ed. 762 (1929). Defendants' argument is therefore not persuasive.

■ The Court concludes that the time for removal begins to run at the time that a defendant receives a complaint through service or otherwise. Therefore, the time began to run in this case when defendants received plaintiff's complaint in November of 1995.

### B. *Estoppel*

■ Defendants finally argue plaintiff's letter indicating that she was not attempting formal service should equitably estop her from remanding now. The Court finds that equity is not offended by plaintiff's letter. Defendants received the complaint which indicated their grounds for removal. The district courts in the Northern District of California were clearly split about whether simple receipt begins the time period for removal at the time the letter was sent. Therefore defendants should have been on notice that they were required to act in order to protect their right to a federal forum. Their removal many months later is accordingly untimely.

### III. CONCLUSION

For the foregoing reasons and for good cause shown, the Court finds that the time for removal began to run when defendants received courtesy copies of the filed complaint and that their removal on March 18, 1996 was therefore untimely. This action is accordingly REMANDED to San Francisco County Superior Court. Defendants' request for certification for interlocutory appeal is DENIED. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.