**Kenneth A. MCCREADY, Plaintiff–Appellant,**

**v.**

**Faron HARRISON d/b/a Faron's Cycle, et.al., Defendants–Appellees.**

**No. 02–3073.**

United States Court of Appeals, Seventh Circuit.

Submitted June 18, 2003.*

Decided June 19, 2003.

Before MANION, ROVNER, and DIANE P. WOOD, Circuit Judges.

ORDER

Kenneth McCready brought his motorcycle to Faron's Cycles, a repair shop in Indianapolis, Indiana, for a tune-up and carburetor cleaning. The repairs cost more than McCready anticipated, and he refused to pay Faron's for the work. When efforts to collect the amount owed proved unsuccessful, Faron's notified McCready that it intended to sell the motorcycle at a public auction. McCready later sued Faron's and its attorneys, Nice & Moore, LLP, in federal court, alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692k(d), and Indiana state law. The court dismissed McCready's claims under the FDCPA as untimely and declined to exercise supplemental jurisdiction over the state law claims. McCready appeals, and we affirm.

Both parties agree that McCready left his motorcycle at Faron's on February 2, 1999, but they disagree about how long Faron's took to repair the motorcycle and the appropriate cost of the repairs. Faron's claims that it completed the repair work on February 16; when McCready failed to redeem the motorcycle by March 16, it began charging him a storage fee of $10 a day. But McCready alleges that Faron's did not complete the repairs for "several months" and that the bill he received for $925.36 was much larger than the amount he and Faron's had agreed upon. In any event, according to Faron's, McCready owed a total of $2395.36, including storage fees, by the time Faron's announced that it planned to sell the motorcycle at auction on September 10.

The record does not clarify whether the motorcycle was sold on September 10 or even whether the auction took place. But Faron's did send McCready a letter dated August 25 notifying him of the auction and advising him that he could redeem the motorcycle before September 10 by paying his bill. McCready concedes that he received this letter but claims that it did not reach him until September 13. He suggests that Faron's intentionally delayed

mailing the letter to prevent him from trying to attend the auction.

McCready filed suit against Faron's and Nice & Moore on October 10, 2000, claiming that the defendants had violated the FDCPA by writing harassing and intimidating letters and failing to properly validate his debt. He also alleged that Faron's had never in fact held an auction for the motorcycle and that Faron's had therefore made false and misleading representations in its letter dated August 25.

McCready, however, failed to serve the defendants, and in February 2001 the district court directed McCready to report the steps he had taken to have process served on the defendants and with what result. In his brief on appeal, McCready asserts that he had already served the defendants on October 27, 2000, but he did not argue this before the district court. Instead he filed an amended complaint on March 16, 2001. He contends that he then served the defendants on March 20, but he did not file return of service with the court until April 12. Meanwhile Faron's appeared on April 5 and, finding no entry of service on the court's docket, waived service of summons as allowed under Federal Rule of Civil Procedure 4(d).

On April 12 McCready filed a motion for entry of default, arguing that more than twenty days had elapsed since Faron's and Nice & Moore had been served and that they had thus failed to comply with Federal Rule of Civil Procedure 12(a)(1)(A). The court summarily denied McCready's motion, stating that Faron's and Nice & Moore had made an appearance through their attorney and thus were not in default. The defendants then filed a motion to dismiss McCready's FDCPA claims under Rule 12(b)(6) as untimely and to decline to exercise supplemental jurisdiction over McCready's state law claims. The court granted the motion, finding that McCready's FDCPA claim accrued no later than September 13, 1999, when he received notice from Faron's of the auction, and that he had not filed his complaint until October 2000, after the one-year statute of limitations had expired.

After the court dismissed his claims, McCready moved to vacate the judgment, claiming that he had never received notice of the motion to dismiss. Before ruling on the motion to vacate, the court gave McCready twenty days to demonstrate the presence of a meritorious claim. McCready filed a response and also filed a motion for leave to amend his complaint so that he could plead an amount in controversy sufficient to establish diversity jurisdiction over his state law claims. The court denied both McCready's motion to vacate and his motion for leave to amend. Although the court treated the motion to vacate as filed under Rule 60(b), it was actually a motion to reconsider under Rule 59(e) because McCready filed it within ten days of the dismissal order. *Curry v. United States,* 307 F.3d 664, 665–66 (7th Cir.2002). Thus McCready's appeal brings up for review the underlying judgment as well as the denial of the Rule 59(e) motion. *Kunik v. Racine County, Wis.,* 106 F.3d 168, 172–73 (7th Cir.1997).

On appeal McCready first argues that the district court erred when it refused to enter default against the defendants. Federal Rule of Civil Procedure 55 allows an entry of default when a party fails to file a responsive pleading within 20 days of being served. But we will reverse a district court's decision not to enter default only if the district court abused its discretion. *Robinson Eng'g Co. Pension Plan & Trust v. George,* 223 F.3d 445, 448 (7th Cir.2000). *See Whitfield v. Ill. Bd. of Law Examiners,* 504 F.2d 474, 479 (7th Cir.1974); *Duling v. Markun,* 231 F.2d 833, 836 (7th Cir.1956). *See also Dimmitt*

& *Owens Financial, Inc. v. United States,* 787 F.2d 1186, 1193 (7th Cir.1986) (review of district court's grant of a motion to set aside a default judgment is "quite limited"). Here the defendants were only a couple of days late in filing a responsive pleading at the time of McCready's motion, and they had made an appearance and waived service of summons, signaling a desire to defend and a willingness to cooperate in the court's proceedings. The court may have had discretion to impose sanctions, but it also had discretion *not* to impose them. *See, e.g., In re: Hall,* 304 F.3d 743, 747, 749 (7th Cir.2002) (district court did not abuse discretion when it concluded that debtor's conduct "while hardly admirable, was not the sort of egregious conduct that warranted dismissal with prejudice"); *Harlyn Sales Corp. v. Kemper Fin. Serv.,* 9 F.3d 1263, 1269 (7th Cir.1993) ("[W]hile sanctions *must* be applied in certain situations, when the issue is not free from doubt we should accord great deference to the judgment of the district court."). Consequently, the court did not err when it declined to sanction the defendants by entering default.

Moreover, we doubt that the outcome of this case would have been any different had the court ordered an entry of default. Under Rule 55(b)(2), the court would have to provide the defendants with notice and an opportunity to be heard before finally imposing a default judgment, and a default judgment would have been inappropriate here. We have cautioned that a court should impose a default judgment only in "extreme situations where less drastic measures have proven unavailing." *Silva v. City of Madison,* 69 F.3d 1368, 1377 (7th Cir.1995). This case did not present such an "extreme situation." *Compare Davis v. Hutchins,* 321 F.3d 641, 646–48 (7th Cir. 2003) (default judgment appropriate where defendant did not file an appearance until two months after he received the complaint, submitted a "woefully inadequate" responsive pleading, failed to show up for a hearing, and did not respond to discovery requests).

McCready further argues that the court erred in dismissing his claims as untimely because Faron's and Nice & Moore continued to violate the FDCPA after September 13, 1999, the date he received notification of the auction. McCready concedes that any claims based on the correspondence he received from Nice & Moore are time-barred. But he submits that the court disregarded his allegation that Faron's had never held an auction for the motorcycle and actually still possesses it. McCready believes that Faron's may be stripping the motorcycle for parts for the purpose of selling it piecemeal over an extended period of time. He argues that Faron's continued possession of the motorcycle supports an FDCPA claim and that the statute of limitations on this claim has not yet expired.

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. If Faron's did indeed lie about its intentions to put the motorcycle up for auction, then it may have violated the FDCPA. But any such violation occurred at the time Faron's made the false representation–in the letter McCready received on September 13, 1999. The FDCPA required McCready to file any claims based on that alleged false representation before September 13, 2000. 15 U.S.C. § 1692k(d). Therefore, McCready's complaint, filed in October 2000, was untimely.

McCready finally argues that the court's denial of his Rule 59(e) motion to vacate the dismissal of his complaint was erroneous because he never received notice of the

defendants' motion to dismiss. We review the denial of a Rule 59(e) motion for abuse of discretion. *Dersch Energies, Inc.*, 314 F.3d 846, 855 (7th Cir.2002). Here the court accepted McCready's statement that he had received no notice of the motion to dismiss and allowed him 20 days to establish a basis for denying the motion. But McCready's response offered no legitimate basis for the court to conclude that his claims were timely. Thus the court acted within its discretion when it denied the motion to vacate.

AFFIRMED.