**PERRY R. PENNINGTON COMPANY, an Illinois corporation, Plaintiff–Appellant,**

v.

**T.R. MILLER COMPANY, INCORPORATED, an Alabama corporation, Defendant–Appellee.**

No. 92–2589.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 30, 1992.

Decided May 28, 1993.

Donald B. Garvey, Raymond E. Rossi (argued), Charles Kent Frederick, Bishop, Rossi, Garvey & Scarlati, Oak Brook, IL, for plaintiff-appellant.

Norman J. Lerum, Chicago, IL (argued), for defendant-appellee.

Before COFFEY and EASTERBROOK, Circuit Judges, and LAY, Senior Circuit Judge.[*]

COFFEY, Circuit Judge.

Perry R. Pennington Company ("Pennington") sued T.R. Miller Mill Company ("Miller") in Illinois state court for breach of an oral contract. According to Pennington, under this agreement Pennington acted as a broker for Miller in obtaining orders for wooden utility poles from Commonwealth Edison Company ("Commonwealth"). In exchange, Miller paid Pennington a commission in the amount of 4% of Miller's total sales to Commonwealth. Pennington alleged that in December, 1990, Miller, in violation of this agreement, informed Pennington that it was terminating this commission arrangement starting in 1991 and instead would pay Miller a $2,000 per month consulting fee.

Miller removed this action to the district court based on diversity of citizenship and an amount in controversy greater than $50,000. 28 U.S.C. §§ 1332, 1441 and 1446. Pennington's complaint had two counts. Count 1 sought 4% of Miller's 1991 sales to Commonwealth, and compensation for all future sales to Commonwealth. Count 2, sounding in *quantum meruit,* sought compensation "for the reasonable value of the work" Pennington claimed it had done for Miller's benefit. On April 24, 1992, Miller filed a motion to dismiss Pennington's complaint for failure to state a claim. Fed.R.Civ.P. 12(b)(6). In a minute order dated April 30, 1992, the district court stated that "[m]otion of defendant to dismiss the complaint is granted. Plaintiff

is granted leave to file an amended complaint or a supplemental submission by May 11, 1992." The district court explained during a hearing that it was dismissing Count 1 because the agreement between Pennington and Miller was terminable at will. The district court also dismissed the Count II *quantum meruit* claim, ruling that an agent (like Pennington) is not entitled to commissions on sales unless its sales are accomplished during the term of the agency. After announcing its decision, the district court stated, "[n]ow that [the dismissal], as you know, is not a final order by definition. A Complaint is a pleading. This is a motion that is directed to the pleading.... As I say, dismissal of a Complaint is not a final order.... Only dismissal of an action is a final order. I will dismiss the Complaint. I will give you leave either to amend ... or, to file something supplemental...."

Pennington then filed an amended complaint identical to the first complaint, except that it added Count 3 asking for (a) 4% of Miller's gross sales to Commonwealth for orders placed before Miller terminated Pennington as a broker and (b) the difference between 4% of Miller's 1991 gross sales to Commonwealth and the $24,000 Miller paid Pennington as a broker's fee during 1991. At a May 18, 1992 hearing, the district court restated its view that Counts 1 and 2 should be dismissed. The district court also ruled that part (a) of Count 3 should be dismissed for the same reason as Count 1: the agreement between the parties was terminable at will. As to part (b) of Count 3, the district court doubted whether it could meet the jurisdictional minimum of $50,000 and gave Pennington an opportunity to investigate whether that portion of Count 3 alleged a jurisdictionally sufficient amount in controversy. Miller then moved for summary judgment on Count 3. At a June 10, 1992 hearing, the district court ruled that it lacked subject matter jurisdiction to hear Count 3, and stated that it had previously dismissed Counts 1 and 2 for failure to state a claim and would now remand "what's left of" the action to the Illinois state court. That same

[*] The Honorable Donald P. Lay, Senior Judge of the Eighth Circuit, is sitting by designation.

day, the court entered the final order in this action. That order stated that

"[t]he Court rules orally from the bench dismissing count 3 for lack of subject matter jurisdiction. This action is remanded to the 18 Judicial Circuit Cout (sic) of Dupage County, Illinois. Pursuant to this Court's General Rule 30, the Clerk is directed to remand this action forthwith."

 Pennington appeals from the district court's June 10, 1992 order and asks this court to reinstate Counts 1 and 2 of its complaint and remand the matter to the district court. The appeal suffers from a fatal jurisdictional defect. Title 28, U.S.C. § 1447(d), provides that

"[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise."

(Section 1443 concerns civil rights actions and is therefore inapplicable to this appeal.) At oral argument, Pennington's counsel suggested that § 1447 is not a jurisdictional bar in the instant case because the district court remanded to state court only Count 3 of its complaint, and dismissed Counts 1 and 2 for failure to state a claim under Fed.R.Civ.P. 12(b)(6). The district court's remarks concerning the three counts made during the several hearings it held in this case suggest that that is what it intended to do. Despite its apparent intention, however, the court failed to dismiss Counts 1 and 2. The April 30, 1992 minute order left the plaintiff free to amend his complaint and, the "general rule is, of course, that if a district court's dismissal leaves a plaintiff free to file an amended complaint, the dismissal is not considered a final appealable order." *Hatch v. Lane,* 854 F.2d 981, 982 (7th Cir.1988) (citation and internal punctuation omitted). The June 10, 1992 order from which Pennington appeals did not dismiss Counts 1 and 2 either. Rather, that order expressly dismissed Count 3 and then remanded the "action" to the Illinois state court. "The general rule is that there must be a formal judgment entry before a final order is appealable.... Indeed,

the basis for jurisdiction here is 28 U.S.C. § 1291, which permits appeals of 'final decisions' of district courts." *TMF Tool Co. v. Muller,* 913 F.2d 1185, 1189 (7th Cir.1990). "The requirement of finality is a statutory mandate, not a rule of discretion." *Alpine State Bank v. Ohio Cas. Ins. Co.,* 941 F.2d 554, 557 (7th Cir.1991). Under Fed.R.Civ.P. 58, "a judgment is not effective until it is set forth on a separate document and entered on the district court civil docket." *Rosser v. Chrysler Corp.,* 864 F.2d 1299, 1305 (7th Cir.1988). "[T]he judgment must be self-contained and complete ... [and] must set forth the relief to which the prevailing party is entitled...." *American Nat. Bank v. Secretary of HUD,* 946 F.2d 1286, 1289 (7th Cir.1991). Under these standards, the district court never entered a final order dismissing Counts 1 and 2. The district court's comments at the hearings suggesting that it would dismiss Counts 1 and 2 fail to satisfy the final judgment requirement. "An opinion is not a sufficient substitute for a judgment.... An opinion explains the reasons for entering a judgment but is not itself a source of legal obligations." *Id.* (quoting *Horn v. Transcon Lines, Inc.,* 898 F.2d 589, 591 (7th Cir.1990)).

"Notwithstanding the clerk's failure to comply with Rule 58, the requirement of a separate judgment may be deemed waived when the final disposition of the district court clearly was intended to be the final decision in the case." *TMF,* 913 F.2d at 1189; *see also Rosser,* 864 F.2d at 1305. The problem here is that the district court's June 10 order dismissed Count 3 and then remanded the "action" to the Illinois state court; the order did not simply remand Count 3. The word "action" suggests that the judgment refers to more than just Count 3. Since Counts 1 and 2 were never dismissed, we must assume that "action" in the judgment of June 10 meant all three counts still before the court. When a district court remands an action to a state court for lack of subject-matter jurisdiction, 28 U.S.C. § 1447(d) "puts the remand beyond our ken." *Matter of Amoco Petroleum Additives,* 964 F.2d 706, 708 (7th Cir.1992); *see also Hernandez v. Brakegate, Ltd.,* 942 F.2d 1223, 1225 (7th Cir.1991). The only reason the district court gave in its June 10

order for its remand to state court was that it lacked subject matter jurisdiction. Pennington should have realized the defect in the district court's order and moved under Fed. R.Civ.P. 59(e)[1] or Fed.R.Civ.P. 60(a)[2] to alter, amend or correct the judgment. Pennington did not, and thus we do not have jurisdiction to hear this appeal.

DISMISSED.

---

1. Rule 59(e) provides that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

2. Rule 60(a) provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may so be corrected with leave of the appellate court."