Richard ROE, Plaintiff–Appellant,

v.

John O'DONOHUE, et al., Defendants–Appellees.

No. 94–1129.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 9, 1994.

Decided Oct. 12, 1994.

Robert B. Patterson (argued), John Hedrich, Chicago, IL, for plaintiff-appellant.

Kelly Ann Giampa, William Rogers (argued), Bollinger, Ruberry & Garvey, Chicago, IL, for defendants-appellees.

Before POSNER, Chief Judge, EASTERBROOK, Circuit Judge, and GORDON, District Judge.[*]

EASTERBROOK, Circuit Judge.

During a splenectomy in 1984, "Richard Roe" received a transfusion of cryoprecipitate AHF, a blood product. He has since tested positive for the human immunodeficiency virus. Believing that he contracted the disease through the cryoprecipitate, he sought relief from three groups of persons: (a) the American National Red Cross and affiliates, which, together with an unrelated supplier (also a defendant), collected and distributed the cryoprecipitate; (b) the physician who recommended the splenectomy, the hospital where it was performed, and affiliated entities; and (c) the three physicians who performed the operation. He contended that the first group of defendants was negligent in collecting and distributing blood containing the virus, that the second was negligent in recommending the operation and failing to warn about the risks of using cryoprecipitate, and that the third was negligent in performing the operation.

Roe began the action in a state court, which granted his request for anonymity. Only groups (a) and (b) were among the original defendants; the three surgeons were named as "respondents in discovery," a category of non-defendants that under Illinois procedural rules may be added as parties if, within six months, the plaintiff obtains information sufficient to suggest that they may be liable. 735 ILCS 5/2–402. The Red Cross removed the case to federal court, representing that the other defendants "do not object to the removal of this action to federal court." The parties are not of diverse citizenship, but the Red Cross asserted that 36 U.S.C. § 2, which permits it "to sue and be sued in courts of law and equity, State and Federal", entitled it to a federal forum. During the course of this litigation, the Supreme Court held that this statute creates a species of federal-question jurisdiction. *American National Red Cross v. S.G.,* —— U.S. ——, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992). A complaint stating a claim within the federal-question jurisdiction may be removed only in accord with the procedures laid out in 28 U.S.C. § 1446, unless another statute dispenses with them. Some federal agencies have been granted special removal privileges, e.g., 12 U.S.C. § 1441a(a)(11) (Resolution Trust Corporation), but the Red Cross did not argue that any such statute applies to it. The notice of removal cited § 1446, and Roe promptly rejoined that the Red Cross had not complied with that law.

Section 1446(b) provides that the notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief". The deputy sheriff who served the complaint and summons at the Red Cross's headquarters in Philadelphia wrote that he left the papers with the receptionist on February 19, 1991. The employee of the Red Cross to whom the papers wended their way noted that he received them on February 22, 1991. The notice of removal was filed on March 25, 1991—timely if measured from the latter date but not if measured from the former. After reviewing affidavits and depositions, Judge Parsons concluded that the date of service was February 22 and denied Roe's motion to remand. Roe next asked the court to send the group (b) and (c) defendants back to state court. The district court denied this motion, concluding that the supplemental jurisdiction, 28 U.S.C. § 1367, permitted federal adjudication of all claims against all defendants, and that the suit should not be split into two pieces. 800 F.Supp. 620 (1992). Later Judge Parsons denied a motion for

[*] Hon. Myron L. Gordon, of the Eastern District of Wisconsin, sitting by designation.

reconsideration based on a second potential defect in removal procedure: the failure of the other defendants to join the Red Cross's notice of removal. The court concluded that § 2 entitles the Red Cross to a federal forum notwithstanding its neglect of procedures that other litigants must follow. 815 F.Supp. 241 (1992). The court also dismissed all claims against the group (c) defendants. The arguments about removal had consumed more than six months, and the court held that it was now too late to recover from the surgeons. 815 F.Supp. 244 (1992).

■ At this point Roe dismissed all claims against the Red Cross and affiliates—removing the sole basis of federal jurisdiction—and moved yet again for remand. Judge Duff, to whom the suit had been transferred after Judge Parsons's death, swiftly remanded the case. See *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Roe soon realized that the remand may have doomed any effort to pursue the group (c) defendants: a remand en bloc is not appealable even with respect to claims that the district court previously resolved on the merits, see *Perry R. Pennington Co. v. T.R. Miller Co.*, 994 F.2d 390 (7th Cir.1993), and it may have been hard to persuade the state court to revisit a subject already adjudicated by the federal court. So Roe asked Judge Duff to un-remand the claims against the three surgeons. This was possible because the Northern District of Illinois automatically delays remands to afford time for reconsideration. Judge Duff granted this motion while the record was still in federal court. The upshot is that all claims against the remaining group (a) and (b) defendants are proceeding in state court, and the claims against the group (c) defendants were terminated by final judgment in federal court. Roe's appeal brings up the entire case—the entire case remaining in the district court, that is—and therefore is within our appellate jurisdiction. His principal argument is that we should vacate the judgment concerning the group (c) defendants and reunite the litigation in state court.

■ The notice of removal stated that "[a]ll other defendants who have been served with summons in this action have stated that they do not object to the removal of this action to federal court." Under ordinary standards, this is deficient. A petition for removal fails unless all defendants join it. *Hanrick v. Hanrick*, 153 U.S. 192, 14 S.Ct. 835, 38 L.Ed. 685 (1894); *Torrence v. Shedd*, 144 U.S. 527, 12 S.Ct. 726, 36 L.Ed. 528 (1892). To "join" a motion is to support it in writing, which the other defendants here did not. *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 272–73 (7th Cir.1982); *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 n. 11 (5th Cir.1988). A party may be able to establish that joinder is unnecessary—as it would be if, for example, the non-joining defendant were a nominal party or had not yet been served with process—but the Red Cross did not assert that any of the other defendants could be disregarded for this purpose. When opposing the motion to remand, the Red Cross contended that in light of 36 U.S.C. § 2 it may remove without obtaining other defendants' consent. Only one court of appeals has addressed this question. *Doe v. Kerwood*, 969 F.2d 165 (5th Cir.1992), holds that § 2 does not exempt the Red Cross from complying with the rules ordinarily applicable to removal. We are not disposed to create a conflict among the circuits on this bit of jurisdictional esoterica—especially not in light of *Chicago, Rock Island & Pacific Ry. v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900), which applies the principle of *Hanrick* and *Torrence*, originally developed in diversity cases, to litigation in which one defendant seeks to remove under the federal-question jurisdiction.

■ *Kerwood* does not lead to a remand, however, because all parties must follow statutory procedures. Just as defendants who want to remove need to act promptly and obtain support from other parties, so plaintiffs who want to remand need to act promptly. "A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Proceedings to determine where the litigation will occur ought to be conducted with dispatch, so that the case may proceed to disposition on the

merits. The short deadlines for removal and motions to remand expedite the identification of the proper tribunal. The Red Cross removed the case in March 1991, but not until September 1992 did Roe alert the district court to the lack of other defendants' joinder and seek remand on this basis. True, Roe moved for remand in April 1991, but he did not then urge this ground of decision. Filing a timely motion for remand cannot permit a party to store up grounds for future consideration—a tactic that may defeat, and here did defeat, any hope of swift determination. *Barnes v. Westinghouse Electric Corp.*, 962 F.2d 513 (5th Cir.1992). By remaining silent altogether, a party accepts the federal forum—whether intentionally or by forfeiture does not matter. See *In re Continental Casualty Co.*, 29 F.3d 292 (7th Cir.1994) (holding that a district judge may remand a removed case to state court, because of defects in removal procedure, only on motion by the parties). Similarly, the removal procedures are deemed adequate save to the extent they are challenged during the first 30 days.

We may assume that the 30-day period is subject to equitable tolling and estoppel, so that a defendant's misrepresentation may be challenged when the truth comes out. But the defect in the Red Cross's notice of removal was apparent on first reading: instead of representing that all defendants "joined" the motion, the Red Cross asserted that the other defendants "have stated that they do not object". None of the other defendants signed the notice of removal. It may be that this notice is factually inaccurate as well as legally deficient: Roe believes that Dr. Prabodh Shah, one of the group (b) defendants, did not "state" to the Red Cross a posture of non-objection. If Dr. Shah thought that the removal violated his rights, however, he had to act within 30 days. Shah knew his own position; the notice of removal could not have misled *him*. Yet not until July 1992 did Shah seek a remand. By then Roe long had possessed enough information to seek a remand because of the other defendants' failure to join the notice of removal. Shah's protest in July 1992 did not reactivate the time for the plaintiff to protest—if, indeed, a misrepresentation about the consent of one

defendant permits anyone other than the non-consenting party to obtain a remand.

What Roe did raise within 30 days following removal is the contention that the Red Cross waited too long to lodge its notice. The papers bear two dates: February 19, 1991, written by the process server, and February 22, 1991, written by the ultimate recipient within the Red Cross. If this were a dispute about who jotted down the right date, the district court would need to conduct an evidentiary hearing. (Of course both dates could be correct: one may show when the papers were delivered to the receptionist at the Red Cross complex, and the other may show when that organization's internal mail system redelivered them.) But defendants do not deny that the deputy sheriff handed the complaint and summons to the receptionist on February 19, just as he noted at the time (and as he testified by deposition). Their sole argument is that the delivery did not comply with the requirements of "service" established by Illinois law. See 736 ILCS 5/2–208. The affidavit showing the date of delivery was signed not by the deputy sheriff but by another employee of the sheriff's office; the return of service does not show the age of the person served; the notary's seal was not affixed contemporaneously with the signature; and so on. These shortcomings—apparently attributable to the fact that the deputy sheriff was following Pennsylvania law and practice—may or may not have furnished good grounds for the Red Cross to contest personal jurisdiction. They are pertinent to the timeliness of removal, however, only if the 30 days starts from "service" in the technical sense.

Which is not at all what § 1446(b) says. The notice of removal must be filed "within thirty days after the receipt by the defendant, through service *or otherwise*, of a copy of the initial pleading setting forth the claim for relief" (emphasis added). "[O]r otherwise" must mean something different from service. Three principal classes of receipt do not amount to "service": First, a delivery of the complaint by a process server that is not effective as "service of process" (perhaps because it does not include a copy of the summons, perhaps because of

shortcomings of the kind to which defendants point here); second, an attempt at service by mail under Fed.R.Civ.P. 4(d), or its state counterparts, that is not effective because the recipient refuses to sign and return the acknowledgment; third, the transmission of the complaint from one defendant to another before the process server or mail arrives at the door. Via the "or otherwise" language, § 1446(b) starts the clock with actual receipt in all three categories. Here again the statute expedites the identification of the proper court. A defendant cannot string things out by refusing to accept mail delivery, waiting for service in hand, and then waiting another 30 days to remove. Once the defendant possesses a copy of the complaint, it must decide promptly in which court it wants to proceed. Indeed, the time may start even earlier: some courts have held that the 30 days runs from the *first* defendant's receipt of the complaint, compare *Getty Oil*, 841 F.2d at 1262–63, with *McKinney v. Maryland Community College*, 955 F.Supp. 924, 926–28 (4th Cir.1992), but we need not decide today whether this is correct.

A number of district courts have held that only "service" complying with all technical rules of state law starts the clock under § 1446(b). E.g., *Baratt v. Phoenix Mutual Life Insurance Co.*, 787 F.Supp. 333 (W.D.N.Y.1992); *Hill v. Boston*, 706 F.Supp. 966 (D.Mass.1989); *Hunter v. American Express Travel Related Services Corp.*, 643 F.Supp. 168 (S.D.Miss.1986); *Thomason v. Republic Insurance Co.*, 630 F.Supp. 331 (E.D.Cal.1986); *Love v. State Farm Mutual Automobile Casualty Co.*, 542 F.Supp. 65 (N.D.Ga.1982). A goodly number of other district courts have held that § 1446(b) means what it says. E.g., *Mermelstein v. Maki*, 830 F.Supp. 180 (S.D.N.Y.1993); *Trepel v. Kohn, Milstein, Cohen & Hausfeld*, 789 F.Supp. 881 (E.D.Mich.1992); *Schwartz Bros., Inc. v. Striped Horse Records*, 745 F.Supp. 338 (D.Md.1990); *Dawson v. Orkin Exterminating Co.*, 736 F.Supp. 1049 (D.Colo.1990); *Harding v. Allied Products Corp.*, 703 F.Supp. 51 (W.D.Tenn.1989); *Conticommodity Services, Inc. v. Perl*, 663 F.Supp. 27 (N.D.Ill.1987); *Tyler v. Prudential Life Insurance Co.*, 524 F.Supp. 1211 (W.D.Pa.1981). Although "or otherwise" was added to the statute in 1949, see 63 Stat. 101, ours is only the second appellate decision on the subject. See *Tech Hills II Associates v. Phoenix Home Mutual Insurance Co.*, 5 F.3d 963, 966–68 (6th Cir.1993). (Oblique references in *Northern Illinois Gas*, 676 F.2d at 273 n. 1, and *Pochiro v. Prudential Insurance Co.*, 827 F.2d 1246, 1248–49 (9th Cir. 1987), do not really tackle the question.)

■ Like the judges who decided *Tech Hills*, we see no escape from the language of the statute. Some district courts have emphasized that the legislative history of the 1949 amendment does not contain a clear statement that "or otherwise" covers the situations to which we referred above, but courts are not authorized to disregard express language just because the legislative history does not echo "and we really mean it!" See *Pittston Coal Group v. Sebben*, 488 U.S. 105, 115, 109 S.Ct. 414, 420–21, 102 L.Ed.2d 408 (1988); *Swain v. Pressley*, 430 U.S. 372, 378–79, 97 S.Ct. 1224, 1228–29, 51 L.Ed.2d 411 (1977). Committee reports show that one function of the amendment is to ensure that the time does not begin until the defendant has a copy of the pleadings; if the plaintiff effects service without enclosing a copy of the complaint (as some states allow), the defendant need not guess whether the case is removable. H.R.Rep. No. 352, 81st Cong., 1st Sess. (1949). See *Ardison v. Villa*, 248 F.2d 226 (10th Cir.1957). But this objective explains the phrase "a copy of the initial pleading setting forth the claim for relief"; it does not explain or limit the scope of "or otherwise". Indeed, by emphasizing the link between possessing a copy of the pleadings and the time for removal, the 1949 deliberations strongly suggest that we should take "or otherwise" seriously: knowledge of the nature of the claims, and not the state's technical rules of service, determines timeliness.

■ Marginal cases that would put this language under stress (and hold it up to a charge of absurdity) are not hard to imagine: consider, for example, what happens if the plaintiff sends the defendant a courtesy copy of the complaint before filing, and thus before removal is possible. See Robert P.

Faulkner, *The Courtesy Copy Trap: Untimely Removal from State to Federal Court,* 52 Md.L.Rev. 374 (1993). Our case poses no similar challenge to a literal reading, and we set this pitfall aside for consideration on a rainy day. Whatever (slight) ambiguity § 1446(b) poses in application to an ordinary case, such as ours, may be resolved by the principle that doubts should be resolved against removal. *Shamrock Oil & Gas Co. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 871–72, 85 L.Ed. 1214 (1941); *Healy v. Ratta,* 292 U.S. 263, 270, 54 S.Ct. 700, 703–04, 78 L.Ed. 1248 (1934). Any other conclusion drains the words "or otherwise" of meaning, a step we are loath to take. Accordingly, we hold that the 30 days commences when the defendant, or its authorized agent, comes into possession of a copy of the complaint whether or not the delivery complies with the requirements of "service". Cf. *Chicago, Rock Island & Pacific R.R. v. Stude,* 346 U.S. 574, 580, 74 S.Ct. 290, 98 L.Ed. 317 (1954). Because the defendants do not deny that the Red Cross possessed a copy of the complaint on February 19, 1991, the notice of removal was untimely, and this case belongs in state court.

The judgment is vacated, and the case is remanded to the district court with instructions to remand to the state court from which it was removed. The district court should not have entered judgment for the group (c) defendants on the merits. Whether Roe exceeded the time allotted by the "respondents in discovery" statute to add the surgeons as defendants is a question open for decision afresh in state court, as if the district judge had never addressed it.