**Maura Lucilla Cruz PAZ,
et al., Plaintiffs,**

**v.**

**BONITA TOMATO GROWERS, INC.,
and Jose L. Saldivar, Defendants.**

**No. 95–370–CIV–FTM–17D.**

United States District Court,
M.D. Florida,
Fort Myers Division.

March 19, 1996.

Sarah H. Cleveland, Florida Rural Legal Services, Belle Glade, FL, David J. Sales, Searcy, Denney, Scarola, Barnhart & Shipley, West Palm Beach, FL, for plaintiffs.

David J. Stefany, Maria N. Sorolis, Hogg, Allen, Norton & Blue, P.A., Tampa, FL, Daniel E. Conley, Law Office of Daniel E. Conley, Naples, FL, for defendants.

### ORDER ON PLAINTIFFS' MOTION FOR REMAND

KOVACHEVICH, Chief Judge.

This action is before this Court on the following Motions and Responses:

1. Plaintiffs' motion for remand to state court. (Dkt. 9).

2. Defendants' motion in opposition. (Dkt. 10).

### FACTS

This is an action for personal injuries and wrongful death pursuant to the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801, et seq. ("AWPA"). It arises out of a transportation accident on October 5, 1993. The named Plaintiffs and Decedents described in the complaint were employees of Defendant, Bonita Tomato Growers ("Bonita Farms"), at the time of the accident. Defendant, Saldivar, was a farm labor contractor within the meaning of 29 U.S.C. § 1802(7) who had recruited Plaintiffs and Decedents to work for Bonita Farms. The complaint alleges that Defendants violated the provisions of the AWPA by causing Plaintiffs and Decedents to be transported in a vehicle that was unsafe and inadequately insured.

Plaintiffs filed the complaint in the 20th Judicial Circuit Court for Lee County on October 5, 1995. On October 12 and 13, respectively, Plaintiffs mailed a copy of the complaint to Bonita Farms through its registered agent and to Saldivar. The complaint mailed to Bonita Farms was received on October 16, 1995, as evidenced by a signed return receipt dated October 16, 1995. The complaint mailed to Saldivar was received on October 24, 1995, as evidenced by a signed return receipt dated October 24, 1995. Bonita Farms filed its Notice of Removal on November 13, 1995.

## STANDARD OF REVIEW

■ Doubts as to whether removal of an action is permissible should be resolved against removal. *Roe v. O'Donohue*, 38 F.3d 298, 303 (7th Cir.1994). This Court "must remand to state court any case that was removed improvidently or without necessary jurisdiction." *Campos v. Sociedad Aeronautica de Medellin Consolidada, S.A.*, 882 F.Supp. 1056, 1057 (S.D.Fla.1994). "Where there is any doubt concerning jurisdiction of federal court on removal, the case should be remanded." *Id.*

## DISCUSSION

Plaintiffs argue that this Court should remand this case back to state court because Defendants' Notice of Removal was defective. The Notice of Removal stated that "[p]ursuant to 28 U.S.C. § 1441, Defendant, Bonita Tomato Growers, Inc. with the express consent of Defendant, Jose Saldivar, hereby file this notice of remand of an action previously filed in state court." (Notice of Removal at 2).

■ Plaintiffs rely heavily on *Roe v. O'Donohue*, 38 F.3d 298 (7th Cir.1994). In *Roe*, the court held that "a petition for removal fails unless all defendants join in it." *Id.* at 301. In order for all Defendants to "join" in a notice of removal, they must support it in writing. *Id.* Plaintiffs argue that there was no such writing in this case and therefore no joinder among Defendants in order to properly remove this action to Federal Court.

Plaintiffs argue that Defendants had thirty (30) days to properly remove this case to Federal Court and that the 30–day period allowed for removal "is mandatory and may not be extended by the court." *Liebig v. Dejoy*, 814 F.Supp. 1074, 1076 (M.D.Fla. 1993). They also argue that where a notice of removal is defective, it may be corrected only within the original 30–day window. *Denton v. Wal–Mart Stores*, 733 F.Supp. 340, 341 (M.D.Fla.1990). This thirty (30) days begins to run "after the receipt by the defendant[s], through service or otherwise, a copy of the initial pleading setting forth the claim for relief. . . ." 28 U.S.C. § 1446(b).

Plaintiffs assert that Defendants did not properly join together to remove this action within the 30–day time period allowed under 28 U.S.C. § 1446 and, therefore, this Court should find the Notice of Removal defective, and remand this case back to state court. Plaintiffs also ask this Court for reasonable attorney's fees and costs. *Liebig*, 814 F.Supp. at 1076.

■ Defendants argue that their situation falls under the non-served defendant exception to the general rule of joinder. In support of this argument, Defendants rely on *Pullman Co. v. Jenkins*, 305 U.S. 534, 540–41, 59 S.Ct. 347, 350–351, 83 L.Ed. 334 (1939) and *Roe v. O'Donohue*, 38 F.3d 298 (7th Cir.1994). Defendants argue that Defendant Saldivar has not yet been served nor may he ever be served with process as a co-defendant in this case. In *Roe v. O'Donohue*, 38 F.3d 298 (7th Cir.1994), the court held that a party may be able to establish that joinder is unnecessary—as it would be if, for example, the non-joining defendant were a nominal party or had not yet been served with process. . . . *Roe v. O'Donohue*, 38 F.3d at 301. Defendants argue that, pursuant to this exception, Bonita Farms was not required to do anything more than obtain Defendant Saldivar's consent to the removal notice. Therefore, the removal of this action was proper and this Court should deny Plaintiffs' motion for remand.

This Court agrees with Defendants on this issue and finds that joinder among Defendants was unnecessary because the non-served defendant exception applies to this

case. *Roe,* 38 F.3d at 301. Defendants removal of this action was proper. Accordingly, it is

ORDERED that Plaintiffs motion for remand be denied.

DONE AND ORDERED.