Fred HILL, President/Treasurer, on Behalf of PLEASANT GREEN ENTERPRISES, INC., d/b/a Demert & Dougherty, Inc., Plaintiff,

v.

Paul MATON, Yasar Samarah, Maurice S.C. Fisher, and James Korloff, Defendants.

LOCAL 100–A, UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION AFL–CIO, and Evelyn Erickson, Matthew Murphy, Carl Marks, Dennis Jiacomo, Tamara Biros and Sherry Togliatti, Individually on their own behalf and on behalf of the class consisting of all production employees of Demert & Dougherty, Intervenors,

v.

PLEASANT GREEN ENTERPRISES, INC., Yasar Samarah, and Maurice S.C. Fisher, Cross–Defendants,

and

Manufacturing Consolidations, Inc., an Illinois corporation, United Consolidations, Inc., an Illinois corporation, Demert & Dougherty, Inc., a Nevada Corporation, Doe & Roe, Inc., the unknown corporate alter egos of Cross–Defendants Samarah and/or Fisher, and DeMert & Dougherty Union Health Plan, an employee benefit plan, Third–Party Defendants.

No. 96 C 7167.

United States District Court, N.D. Illinois, Eastern Division.

Nov. 20, 1996.

H. Nasif Mahmoud, McKinney, Wills & Mahmoud, Chicago, IL, for Fred Hill, plaintiff.

Adam Bourgeois, Sr., Bourgeois and Wolf, Chicago, IL, for Paul Maton, Yasar Samarah, Maurice S.C. Fisher, James Korloff, Manufacturing Consolidations, Inc., United Consolidations, Inc., Doe Inc., Roe Inc., DeMert & Dougherty Union Health Plan.

### MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This matter is before the Court on United Food & Commercial Workers International Union's motion to remand. For the reasons discussed hereafter, the motion is granted in part and denied in part.

### I. BACKGROUND [1]

In October of 1996, Fred Hill, President and Treasurer of Pleasant Green Enterprises ("Pleasant Green"), brought an action in the Illinois state court against Paul Maton, Yasar Samarah, Maurice S.C. Fisher, and James Korloff. At the heart of the matter is, apparently, a dispute as to either the ownership of an Illinois corporation called DeMert and Dougherty, Inc. ("D & D Illinois"), or the ownership of assets purchased from the bankruptcy estate of D & D Illinois. The case also appears to concern the authority of

---

1. The facts prior to the removal of this matter to this Court are not entirely clear. The Court will do its best to summarize its understanding of the proceedings in the state court.

Maton, Samarah, Fisher, and Korloff to act for D & D Illinois.

Pleasant Green, acting through its sole officer Hill, filed a complaint requesting a preliminary injunction. Maton, Samarah, Fisher, and Korloff filed an answer to the complaint. United Food & Commercial Workers International Union ("the Union"), the Union which represents the employees of D & D Illinois, was apparently allowed to "participate informally"—whatever that means—in the matter. Shortly thereafter, the state court permitted the Union to intervene.

Next, the Union, as an intervenor in the state court, filed a four-count complaint naming Pleasant Green, Samarah, and Fisher as cross-defendants and Manufacturing Consolidations, Inc., United Consolidations, Inc., Demert & Dougherty, Inc. of Nevada ("D & D Nevada"), Doe & Roe Inc., and DeMert and Dougherty Union Health Plan as third-party defendants. In count I, the Union seeks a declaratory judgment as to the owner of D & D Illinois; count II alleges a violation of the Labor–Management Relations Act ("LMRA"), 29 U.S.C. § 185, based on a breach of the collective bargaining agreement; count III alleges a violation of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, for failing to pay health benefits; and count IV alleges a violation of the Illinois Uniform Fraudulent Transfer Act, 740 I.L.C.S. 160/1, *et seq.*, against Samarah and Fisher.

Since the Union's intervenor complaint seeks relief based on federal law—the LMRA and ERISA—the listed "cross-defendants" and "third-party defendants," with the exception of Pleasant Green, removed the entire matter to this Court, including the initial ownership/authority dispute between Hill/Pleasant Green and Maton, Samarah, Fisher, and Korloff.[2]

The Union filed a motion to remand.

---

**2.** The Union disputes whether the removing defendants could act on behalf of D & D Nevada. As will be shown, the issue is irrelevant to the Court's decision.

**3.** The Union had a third ground: because the removing defendants filed a motion to dismiss its

## II.  DISCUSSION

The Union seeks to remand the entire matter—*i.e.*, the initial ownership/authority dispute between Hill/Pleasant Green and Maton, Samarah, Fisher, and Korloff and the Union's intervenor complaint—based on two grounds: (1) removal cannot be predicated on its intervenor complaint and (2) Pleasant Green, a cross-defendant in its intervenor complaint, did not consent to the removal.[3] The Court will address each argument in turn.

### A.  *The Union's Intervenor Complaint*

The Union argues that the determination as to whether a case is removable must be based solely on the allegations of the plaintiff's complaint, subsequent filings being irrelevant. The Union claims that the pertinent complaint that the Court is limited to reviewing in making its remand decision is that which was filed by Hill/Pleasant Green in the initial D & D Illinois ownership/authority action—that complaint contains no basis for removal. And, because the removing parties are predicating removal based on the Union's intervenor complaint—a subsequent filing in the state court action to the Hill/Pleasant Green complaint—the Union argues that this matter must be remanded.

The Court disagrees.

The Court is aware that, generally speaking, federal jurisdiction depends on the allegations of the plaintiff's complaint, rather than on issues that come later. *See Thomas v. Shelton*, 740 F.2d 478, 482 (7th Cir.1984). The Court is also aware that generally only a voluntary act on the part of the plaintiff can form the basis of removal and intervention by a party with a federal cause of action generally cannot serve as a basis for removal. *See Smith v. St. Luke's Hosp.*, 480 F.Supp. 58, 61 (D.S.D.1979); *Holloway v. Gamble–Skogmo Inc.*, 274 F.Supp. 321, 322–23 (N.D.Ill.1967); *Lauf v. Nelson*, 246 F.Supp. 307, 310–11 (D.Mo.1965). Based on the Court's interpretation of the pleadings, how-

intervenor complaint in state court, they waived their right to remove the matter to federal court. The Union, however, conceded that its third argument is a loser in the Seventh Circuit. *See Rothner v. City of Chicago*, 879 F.2d 1402 (7th Cir.1989).

ever, the Court does not believe that the general legal maxims regarding removal will be infringed.

To begin, the Court does not understand why the state court permitted the Union to intervene in this matter by filing a complaint. As discussed, the initial action between Hill/Pleasant Green and Maton, Samarah, Fisher, and Korloff, involved a dispute as to the ownership of either D & D Illinois or the assets purchased from D & D Illinois' bankruptcy estate and the authority of the individual named defendants to act for D & D Illinois.

The Union, admittedly, has no direct interest in that action. The Union apparently wants to know who has the authority to bind D & D Illinois so it knows who to deal with. That's fine, but why was the Union permitted to file a complaint in the *very same* action against numerous defendants (listed as "cross-defendants" and "third-party defendants") raising issues completely unrelated to the initial ownership/authority dispute between Hill/Pleasant Green and Maton, Samarah, Fisher, and Korloff?

■ The initial Hill/Pleasant Green complaint and the Union's intervenor complaint are two separate, independent, "unrelated" cases. Accordingly, for purposes of determining jurisdiction, the Court will split the single state court action and treat it as two independent cases.[4] Treating the Union's intervenor complaint as a separate and distinct civil action means that the Union should be characterized as a "plaintiff" and the "cross-defendants" and "third-party defendants" should be characterized as "defendants." Additionally, splitting this matter into two separate civil actions means that the Court will respect the legal maxims associated with removal jurisdiction, *i.e.,* jurisdiction depends on the allegations in the plaintiff's complaint—here, the Union's complaint—rather than on issues that come later.

Because the Union's complaint raises questions of federal law, the Court will retain jurisdiction over it—assuming, as discussed below, that it was properly removed to this Court. The ownership/authority dispute between Hill/Pleasant Green and Maton, Samarah, Fisher, and Korloff, however, will be remanded.

### B. *Consent to Removal*

Next, the Union argues that even if removal can be based on its intervenor complaint, Pleasant Green—listed as a "cross-defendant," but realigned by the Court as a "defendant"—did not consent or join in the removal, thus, the matter should be remanded.[5] The removing parties argue that Pleasant Green is a nominal defendant, thus, its joinder or consent is irrelevant. The Court agrees.

■ "A petition for removal fails unless all defendants join it." *Roe v. O'Donohue,* 38 F.3d 298, 301 (7th Cir.1994). If, however, the non-joining defendant is a nominal party, joinder is unnecessary. *Id.* "A defendant is nominal if there is no reasonable basis for predicting that it will be held liable." *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 369 (7th Cir.1993). Based on the allegations in the Union's complaint, the Court does not understand how Pleasant Green could be held liable.

Count I seeks a declaratory judgment as to the owner of D & D Illinois. As noted, however, the Union admittedly has no direct interest in determining the owner of D & D Illinois. In fact, the Union would not even be a party in the resolution of that dispute. Accordingly, at this stage of the litigation, since the Union has no stake in the owner-

---

4. It is clear that for purposes of the removal statute the court may disregard state law labels and state law procedures and realign the parties in conformity with their substantive interests in the matter. *See Application of County Collector of Winnebago County,* 96 F.3d 890, 895 n. 6 (7th Cir.1996); *In re Texas Eastern Transmission Corp. PCB Contamination Ins. Coverage Litig.,* 15 F.3d 1230, 1240 n. 10 (3d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 291, 130 L.Ed.2d 206 (1994). The Court, however, could not locate an analo-

gous situation, *i.e.,* one in which the court "realigned" or "split" the removed matter into two separate cases. Regardless, the Court does not believe that it must treat this matter as one civil action merely because the state court decided to proceed in that manner.

5. The Union also argues that D & D Nevada did not join. The analysis applicable to Pleasant Green applies with equal force to D & D Nevada.

ship determination, it is highly unlikely that the Court would allow the declaratory judgment action to proceed. *See Government Suppliers Consol. Serv. v. Bayh,* 975 F.2d 1267, 1274 (7th Cir.1992), *cert. denied,* 506 U.S. 1053, 113 S.Ct. 977, 122 L.Ed.2d 131 (1993).

Count II is a claim under the LMRA for breach of the collective bargaining agreement and count III is brought under ERISA for failing to pay health care benefits. The complaint, however, provides no factual basis as to how Pleasant Green, a separate entity, could be liable for breach of a collective bargaining agreement entered into by D & D Illinois, *see Plumbers' Pension Fund v. Niedrich,* 891 F.2d 1297, 1299 n. 8 (7th Cir. 1989) ("[P]ersons who are not parties to a collective bargaining agreement cannot be sued under the LMRA."), *cert. denied,* 495 U.S. 930, 110 S.Ct. 2169, 109 L.Ed.2d 499 (1990), or how Pleasant Green could be held liable under ERISA for D & D Illinois' failure to pay certain benefits.

The complaint states that Pleasant Green has an "interest" in D & D Illinois. Presumably, this means an ownership interest, *i.e.,* Pleasant Green is a shareholder of D & D Illinois. If so, the complaint fails to provide a factual basis for imposing liability on a shareholder for the breaches and debts of the corporation D & D Illinois.[6] In one of the pleadings, the Union stated that Pleasant Green could be liable for breaching the collective bargaining agreement under a "successor employer" theory, but the complaint provides no factual support for such a theory. *See Chicago Dist. Council of Carpenters Pension Fund v. G & A Installations, Inc.,* No. 95 C 6524, 1996 WL 66098 *34 (N.D.Ill. Feb. 8, 1996).

Count IV is a fraud claim brought against only Samarah and Fisher; thus, that count cannot provide the basis for liability against Pleasant Green either.

 In summary, based on the allegations in the Union's complaint, the Court does not understand how Pleasant Green could possibly be held liable. Accordingly, the Court concludes that Pleasant Green is a nominal defendant; thus, its joinder is unnecessary for removal purposes.

## III. CONCLUSION

Based on the preceding analysis, the Court remands the ownership/authority action commenced by Hill/Pleasant Green against Maton, Samarah, Fisher, and Korloff, but retains jurisdiction over the Union's complaint.

---

**6.** There is no allegation that Pleasant Green is the alter ego of D & D Illinois, nor is there an allegation that D & D Illinois' corporate veil should be pierced as to particular shareholders.