**Kathy HIGGINS, Plaintiff,**

v.

**KENTUCKY FRIED CHICKEN, WMCR Acquisition Corporation, and Dennis Gordon Dahlke, Defendants.**

No. 96–C–0877–C.

United States District Court, W.D. Wisconsin.

Jan. 28, 1997.

Victor Arellano, Lawton & Cates, Madison, WI, for Kathy Higgins.

Daniel J. Sheridan, Dickinson, Wright, Moon, Van Dusen & Freeman, Chicago, IL, for Kentucky Fried Chicken, WMCR Acquisition Corp., Dennis Gordon Dahlke.

## OPINION AND ORDER

CRABB, District Judge.

This civil action is before the court on plaintiff Kathy Higgins's motion to remand the case to the Circuit Court for Dane County, Wisconsin, the court in which plaintiff filed the suit and from which it was removed by defendants Kentucky Fried Chicken, WMCR Acquisition Corporation and Dennis Gordon Dahlke. Plaintiff contends that removal was improper because it did not take place within thirty days of the date on which defendants' counsel received a copy of the summons and complaint. Defendants argue that providing WMCR's counsel with a copy of the complaint was inadequate notice to Kentucky Fried Chicken and Dahlke, because WMCR's counsel did not represent these defendants. In defendants' view, these two later served defendants should have thirty days from the dates on which they were served with copies of the complaint in which to remove the case. I conclude that the time for filing a notice of removal expired thirty days after defendant WMCR's attorney received a copy of the complaint. Defendants' notice of removal was filed after this time and is therefore ineffective. Plaintiff's motion for remand to state court will be granted.

From the pleadings and from the affidavits filed in connection with this motion, I make the following findings of fact, solely for the purpose of deciding this motion.

## FACTS

Plaintiff is suing defendants under Title VII, 42 U.S.C. §§ 2000e—2000e–17, to recover damages for allegedly discriminatory treatment she suffered while employed as an assistant manager at the Kentucky Fried Chicken outlet operated by defendant WMCR and managed by defendant Dahlke. Kentucky Fried Chicken and WMCR share some elements of common management. Before plaintiff filed her complaint, she filed two claims against WMCR with the Wisconsin Equal Rights Division and with the United States Equal Employment Opportunity Commission. Thomas DeMeester represented WMCR in the administrative proceedings. He did not represent the other two defendants, who were not parties to the proceedings.

Neither defendant Kentucky Fried Chicken nor defendant Dahlke ever authorized DeMeester to accept service or otherwise act on their behalf in connection with plaintiff's claims. DeMeester never told plaintiff that he represented defendants Kentucky Fried Chicken and Dahlke.

On September 3, 1996, plaintiff sent DeMeester a copy of the complaint that had been filed in state court on August 29, 1996. She did not send copies to either Dahlke or Kentucky Fried Chicken; instead, she informed DeMeester in the cover letter sent with the complaint that she would properly serve each of the defendants by use of a process server.

Dahlke was served with a copy of the complaint on October 4, 1996. Kentucky

Fried Chicken was served on October 4, 1996, through its authorized agent. Kentucky Fried Chicken retained Eric Pelton and Daniel Sheridan to represent it and the other defendants. Defendants filed their notice of removal on October 25, 1996.

## OPINION

■ The statute governing removal, 28 U.S.C. § 1446(b), requires that a defendant seeking to remove a case from state to federal court file a notice of removal within 30 days "after the receipt by the defendant, through service *or otherwise,* of a copy of the initial pleading setting forth the claim for relief." (Emphasis added.) Defendants concede that DeMeester's receipt of a copy of the complaint on September 3, 1996, started the time for removal running as to his client, WMCR Acquisition Corporation, even if WMCR had not yet been served formally. *Roe v. O'Donohue,* 38 F.3d 298, 302 (7th Cir.1994) (" '[O]r otherwise' must mean something different from service."). Defendants' only argument is that later served (or later notified) defendants should be allowed to remove, even if the first served defendant has allowed the thirty-day period to run without removing.

The removal statutes do not address the situation in which multiple defendants receive notice of a lawsuit at various times. The statutes say nothing about whether the thirty-day period starts to run with the first served defendant or whether it starts anew with service upon (or notification of) each additional defendant. The majority of courts have held that there is only one thirty-day period in which defendants can remove and that this period starts with service on or notice to the first defendant (unless of course the ground for removal does not become apparent until later in the lawsuit, in which case the thirty-day period runs from the date on which removal first becomes feasible). Although there may seem to be something unfair about starting the thirty-day period with the first served defendant and thus denying a federal forum to a later served defendant who does not know it has been sued until after the time for removal has expired, most courts have decided that this

apparent unfairness is not real. *See Garside by Garside v. Osco Drug, Inc.,* 702 F.Supp. 19, 21 n. 4 (D.Mass.1988) (collecting cases to that effect but reaching opposite conclusion). More recently decided cases include *McKinney v. Board of Trustees of Mayland Community College,* 955 F.2d 924 (4th Cir.1992) (holding that each defendant has thirty days from date of service in which to decide whether to join petition for removal but noting that it is "settled law" that in situation in which B is served more than 30 days after A is served and A does not petition for removal within thirty days, the case may not be removed) (citing *Quick Erectors, Inc. v. Seattle Bronze Corp.,* 524 F.Supp. 351, 354 (E.D.Mo. 1981) (if first served defendant fails to remove within thirty days, defendant served after expiration of thirty-day period may not remove even with first defendant's consent)); *Getty Oil Corp. v. Insurance Co. of North America,* 841 F.2d 1254, 1263 (5th Cir.1988) (thirty-day period for removing case to federal court begins to run as soon as first defendant is served; "[i]t follows that since all served defendants must join in the petition, and since the petition must be submitted within thirty days of service on the first defendant, all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served."); *Kuhn v. Brunswick Corp.,* 871 F.Supp. 1444, 1447 (N.D.Ga.1994) (first served defendant's failure to remove case to federal court within thirty days of service barred removal by second defendant served after expiration of thirty-day period); *Teitelbaum v. Soloski,* 843 F.Supp. 614, 615 (C.D.Cal.1994) (all defendants who have copies of complaint must join in petition for removal within thirty days from day on which first defendant receives copy of complaint); *D. Kirschner & Sons, Inc. v. Continental Casualty Co.,* 805 F.Supp. 479, 481 (E.D.Ky.1992) (unanimity for removal is lacking once time for removal has passed as first-served defendant). These courts take the position, as does Professor Moore in his treatise, that because a removal petition is not valid unless it is joined in by all defendants, the first served defendant's disinclination to remove means that the later served defendants would be unable to put together a valid

petition even if they had additional time. *See* James Wm. Moore, *Moore's Federal Practice* ¶ 0.168[3.–5–5] at 586–87 (2d ed. 1996) ("[W]e believe that where the action as pleaded would be removable by all the joined defendants, the thirty-day period starts to run from the time of service on the first defendant who would have to be joined in the removal petition."). Moore thinks this reading is required by the unanimity rule, which allows removal only if all defendants whose presence is necessary join in the removal petition. *See Roe*, 38 F.3d at 301 ("A petition for removal [under § 1446(b)] fails unless all defendants join in it."). Taking the opposite position, Professor Wright and his co-authors suggest in essence that Moore's reading of the statute assumes the first served defendant is unalterably opposed to removal rather than simply lethargic and that giving only the first defendant thirty days to remove deprives the subsequently served defendants of the opportunity to persuade the first defendant to join in the removal petition. 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3732 at 531–32 (2d ed.1985).

In a thoughtful opinion rejecting a mandatory first served defendant rule, the district court for the Northern District of Illinois held that neither equity nor the policies favoring strict interpretation of the removal statutes required denial of removal by a defendant not named until after the initial thirty-day period for removal had elapsed. *Eltman v. Pioneer Communications of America, Inc.*, 151 F.R.D. 311, 317 (N.D.Ill. 1993) ("[E]ven if barring removal by a later-served defendant is justified in certain circumstances, it is unjustified and inequitable when the later-served defendant is not named until the initial thirty-day period has lapsed."). The court considered the court of appeals' statements in *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir.1982), to the effect that the purposes of the thirty-day limitation on removal are 1) to deprive the defendant of the tactical advantage he would have if he waited until he saw how the state court suit would progress and 2) to prevent the delay and waste of resources that would result if a case were started over in federal court after extensive proceedings had taken place in state court. It found that the later named defendant could not be said to have been sitting back assessing his chances in state court or jockeying for tactical advantage; it was plaintiff's delay in naming defendant that led to the delay in filing the removal petition. Moreover, according to the court, removal would not mean the case must start over because the case against that defendant could not have proceeded until that defendant was named, so there would be little waste or delay. The district court emphasized the unfairness to the defendant of barring it from removing just because the plaintiff took more than thirty days to identify and join all possible defendants and the first named defendant failed to exercise her right to removal. *See also Ford v. New United Motors Mfg., Inc.*, 857 F.Supp. 707 (N.D.Cal.1994) (nothing in language or legislative history of § 1446(b) supports rule that decision to remove rests exclusively with first-served defendant; concern for unanimity would not be affected by allowing each defendant chance to remove within thirty days of service upon it because other defendants still have absolute veto over removal; any prejudice to plaintiff is within plaintiffs ability to prevent since plaintiff is one who decides when to sue, whom to sue and when to serve complaint).

Because the United States Court of Appeals for the Seventh Circuit has never had an opportunity to address the multiple defendant question left unanswered by the removal statutes, *see Roe*, 38 F.3d at 304, it is necessary to decide which approach best serves the purposes governing the removal of cases to federal court in this case. Adopting a rule that each defendant has thirty days from the date it is served in which to remove would prevent plaintiffs from manipulating service to ensure that the first defendant served is the one least likely to seek removal and the ones most likely to seek it are not served for another thirty days. It would further the congressional intent to provide parties the option of proceeding in federal court whenever jurisdiction exists and it would give each defendant that option (so long as it could persuade its co-defendants).

On the other hand, the plain reading of § 1446(b) supports the majority or first served rule. Defendant A has thirty days from receipt of the initial pleading in which to initiate removal or join in a co-defendants removal petition. Period. If defendant A receives a copy of the pleading and allows thirty days to pass without removing and defendant B is then served and wishes to remove, the statute does not allow A to join B's petition. *McKinney,* 955 F.2d 924, holds that the statute should be read to permit B a full thirty days to join a petition filed by A; it does not hold that if B filed a removal petition A could have a new thirty-day period in which to decide to join B's petition. If A is therefore barred from joining B's petition by the thirty-day limit, defendants cannot meet the unanimity requirement of § 1446(b).

Courts should not try to rewrite the removal statutes. They are to be construed strictly, with any doubts or ambiguities in the statute resolved against removal. *Roe,* 38 F.3d at 304. Moreover, a strict construction of the thirty-day limit is consistent with the comity concerns that are part of removal. As the court of appeals noted in *Roe,* 38 F.3d at 301–02, "Proceedings to determine where the litigation will occur ought to be conducted with dispatch, so that the case may proceed to disposition on the merits." If there are situations in which the inequity of a first served rule is so great that it warrants a new thirty-day limit for the later served defendant, this is not one of them. All three defendants were named in the initial complaint provided to defendant WMCR and all are part of a common operating entity. *See Eltman,* 151 F.R.D. at 318 n. 15 (noting in dicta that it would not be appropriate to allow later served defendant to remove when all defendants part of same operating entity).

It may be that the removal statute should be revised to address the question of multiple defendants served at varying times. Until that happens, however, I believe that the question is resolved by the general policy of limiting removal so as to reduce the possibility of redundant and unnecessary judicial action. Defendants filed their petition more than thirty days after the first defendant received a copy of it; therefore, they are barred from removing.

### ORDER

IT IS ORDERED that the motion of plaintiff Kathy Higgins to remand this case to the Circuit Court for Dane County, Wisconsin, is GRANTED. The clerk of court is directed to return the record to the Dane County court.