**Kerry LOEFFLER, Plaintiff,**

v.

**UNIVERSITY OF ILLINOIS AT CHICAGO, et al., Defendants.**

**No. 99 C 1331.**

United States District Court, N.D. Illinois, Eastern Division.

March 3, 1999.

C.F. Boyle, Jr., Chicago, IL, for plaintiff.

*MEMORANDUM*

SHADUR, Senior District Judge.

Kerry Loeffler ("Loeffler") has filed this action against University of Illinois at Chicago ("University") and two of its security officers, who are unknown to Loeffler and are therefore referred to simply as "John Doe 1" and "John Doe 2." Loeffler seeks to invoke federal jurisdiction both on diversity-of-citizenship grounds and on federal-question grounds (in the latter respect, by asserting a claim under 42 U.S.C. § 1983 ("Section 1983")). Because each of Loeffler's claimed jurisdictional grounds poses problems in light of her Complaint, this sua sponte memorandum speaks to those issues—though without ordering a dismissal of the Complaint or this action for lack of subject matter jurisdiction.

To begin with, University itself clearly cannot be sued on either predicate that she invokes. As for Section 1983, University is an "alter ego" of the State of Illinois (*Cannon v. University of Health Sciences,* 710 F.2d 351, 357 (7th Cir.1983)), and as such it is not a "person" amenable to a Section 1983 lawsuit (*Kaimowitz v. Board of Trustees,* 951 F.2d 765, 767 (7th Cir.1991)). And as for any state law claim, even leaving aside the problems with the Complaint's allegations of citizenship dealt with a bit later, the Eleventh Amendment insulates the State of Illinois and hence University from suit in this District Court on sovereign immunity grounds (*id.; Cannon,* 710 F.2d at 357).

That dual difficulty would ordinarily call for University's total dismissal from this action. But because Loeffler's claims *are* viable against the presently unknown security officers, it seems most sensible to retain University in the lawsuit just long enough to permit Loeffler's counsel to engage in discovery so that the John Doe 1 and John Doe 2 designations can be replaced by the names of real live persons.

 Even so, if and to the extent that Loeffler hopes to rely on diversity jurisdiction (as contrasted with supplemental jurisdiction under 28 U.S.C. § 1367(a)), their counsel must clean up the Complaint's defective allegations in that respect. Complaint ¶ 1 speaks of Loeffler's *residence* rather than her *citizenship* (though the latter is by definition the relevant fact for diversity purposes), while Complaint ¶ 3 does the same as to the two unknown individual defendants "on information and belief." Those allegations are plainly defective (*Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir.1994)), and Loeffler's counsel must return to the drawing board if he wishes to rely on diversity jurisdiction at all.