S. Patricia TROWBRIDGE, Plaintiff,

v.

DIMITRI'S 50'S DINER L.L.C., et al., Defendants.

No. 02 C 4469.

United States District Court, N.D. Illinois, Eastern Division.

July 3, 2002.

Peter Scott Lubin, Vincent Louise DiTommaso, DiTommaso & Associates, Oak Brook, IL, for plaintiff.

Blaine L. Fields, San Jose, CA, for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

This action and its predecessor have had a peripatetic existence. But as this memorandum opinion and order will explain, its travels are not quite over: This Court sua sponte remands the case to its place of origin (the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois) because of the absence of the required establishment of federal subject matter jurisdiction.

Initially S. Patricia Trowbridge ("Trowbridge") had filed, in this District Court, a substantively identical Complaint (Case No. 02 C 2140) against Dimitri's 50's Diner LLC ("Dimitri's"), Angelique Maalem and Brian Duckworth ("Duckworth"), purporting to invoke federal subject matter jurisdiction on diversity of citizenship grounds. There is no doubt that the requisite over-$75,000 amount was in controversy, as required by 28 U.S.C. § 1332(a),[1] for Trowbridge sought to recover well in excess of that amount. Thus the existence or nonexistence of federal jurisdiction hinged on the states of citizenship of the parties litigant.

When Trowbridge's counsel learned on further inquiry that the requisite total diversity of citizenship seemed lacking, he moved for dismissal of Case No. 02 C 2140 for that reason. This Court promptly granted the motion and dismissed the action for lack of subject matter jurisdiction, specifying that "the dismissal is without prejudice to plaintiff's institution of a like action in a state court of competent jurisdiction." Trowbridge's counsel just as promptly did exactly that, filing Case No.2002 L 000558 in the state Circuit Court.

■■■ Now Duckworth's counsel has filed a Notice of Removal ("Notice") to bring the action back to this District Court under its new Case No. 02 C 4469, looking (as Trowbridge originally did in the earlier lawsuit) to Section 1332 and its diversity of citizenship provisions as the predicate for federal jurisdiction. But Duckworth has clearly failed to carry his burden of establishing such jurisdiction in two respects:

1. Notice ¶ 8 reads:

Defendant Duckworth is informed and believes that each other defendant in this action joins in this removal and that each such defendant shall file a JOINDER IN NOTICE OF REMOVAL OF ACTION.

That is simply not enough—as *Roe v. O'Donohue,* 38 F.3d 298, 301 (7th Cir.1994) (citations, including reference to two century-old Supreme Court decisions, omitted) teaches:

The notice of removal stated that "[a]ll other defendants who have been served with summons in this action have stated that they do not object to the removal of this action to federal court." Under ordinary standards, this is deficient. A petition for removal fails unless all defendants join it. To "join" a motion is to support it in writing, which the other defendants here did not.

2. All that Notice ¶ 7 says about Dimitri's is this:

Defendant Duckworth is informed and believes that corporate defendant Dimitri's 50's Diner LLC is a limited liability company which was formed under and by virtue of the laws of the State of Wisconsin, with its principal place of

---

1. All further references to Title 28's provisions will simply take the form "Section—."

business located at 2575 Telluride Trail, # E, Green Bay, Wisconsin.

That too is not enough—it has been clear for more than four years that the place of organization and principal place of business of a limited liability company are irrelevant, for the relevant citizenship as to a limited liability company is essentially equivalent to the relevant citizenship where a partnership or other unincorporated association is a litigant: Information must be provided as to the state or states of citizenship of each member of the limited liability company (*Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir.1998)).

Every litigant who seeks entry to the federal court system has an affirmative responsibility to establish the existence of federal subject matter jurisdiction. And every federal judge has a comparable responsibility—as our Court of Appeals has reconfirmed in *Cook v. Winfrey,* 141 F.3d 322, 325 (7th Cir.1998):

It is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action. "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (quoting *Mansfield C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462).

Because Duckworth and his counsel have not discharged *their* responsibility, this Court is duty bound to enforce its own. This action is therefore remanded to the Circuit Court for the Eighteenth Judicial Circuit, DuPage County, Illinois for lack of subject matter jurisdiction (see 28 U.S.C. § 1447(c)). As permitted by this District Court's LR 81.2(b), the Clerk is ordered to mail the certified copy of the remand order forthwith.